Filing # 64485409 E-Filed 11/21/2017 02:33:41 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 17-026219-CA-01

METRO SOUTH SENIOR APARTMENTS
LIMITED PARTNERSHIP, a Florida limited
partnership, BENEFICIAL COMMUNITIES,
LLC, a Florida limited liability company, and
SILTEK GROUP, INC., a Florida corporation,

    Plaintiffs,

vs.

TERRACON CONSULTANTS, INC., a
foreign corporation,

    Defendant.

_____/

Date: 1/18/18
Time: 115p
By: Cm1 101

## CIVIL ACTION SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of the State:

    YOU ARE HEREBY COMMANDED to serve this summons and a copy of the Complaint in this action on Defendant:

    **TERRACON CONSULTANTS, INC.,** a foreign corporation

    by service upon its Registered Agent, as designated by the corporation pursuant to §48.091, Fla. Stat.:

    **CORPORATION SERVICE COMPANY**
    **1201 Hays Street**
    **Tallahassee, FL 32301-2525**

or, if service cannot be made on the Registered Agent because of failure to comply with §48.091, Fla. Stat., on any employee at the corporation's principal place of business or on any employee of the Registered Agent; or, on the president or vice president, or other head of the corporation; or, in the absence of any such person(s), on the cashier, treasurer, secretary, or general manager; or, in the absence of any such person(s), on any director; or, in the absence of any such person(s), on any officer or business agent residing in the state, pursuant to §48.081, Fla. Stat.

    Each Defendant is required to serve written defenses to the Complaint on Plaintiff's attorney, Oscar E. Soto, Esq., The Soto Law Group, 2400 East Commercial Blvd., Suite 400, Fort Lauderdale, Florida 33308, within twenty (20) days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the Complaint.

    WITNESS my hand and the Seal of said Court.

DATE ISSUED: 11/28/2017

HARVEY RUVIN
As Clerk of said Court

Çonelle Brown          164659

By: _____
    As Deputy Clerk

Filing # 64052876 E-Filed 11/10/2017 02:37:50 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 17-026219-CA-01

METRO SOUTH SENIOR APARTMENTS
LIMITED PARTNERSHIP, a Florida limited
partnership, BENEFICIAL COMMUNITIES,
LLC, a Florida limited liability company, and
SILTEK GROUP, INC., a Florida corporation,

      Plaintiffs,

vs.

TERRACON CONSULTANTS, INC., a
foreign corporation,

      Defendant.

_____/

## COMPLAINT

    Plaintiffs, METRO SOUTH SENIOR APARTMENTS LIMITED PARTNERSHIP, a

Florida limited partnership, BENEFICIAL COMMUNITIES, LLC, a Florida limited liability

company, and SILTEK GROUP, INC., a Florida corporation, file this action against Defendant,

TERRACON CONSULTANTS, INC., a foreign corporation, and allege:

### JURISDICTION AND VENUE

    1.    This is an action for damages in excess of $15,000.00, exclusive of attorney's fees

and costs.

    2.    Venue lies in Miami-Dade County, Florida as the real property subject to this

litigation is located in Miami-Dade County, Florida, the Defendant has offices in and is authorized

to do business in Miami-Dade County, Florida, and the causes of action accrued in Miami-Dade

County, Florida.

### THE PARTIES

    3.    METRO SOUTH SENIOR APARTMENTS, LP (hereinafter "METRO SOUTH

LP") is a Florida limited partnership with its principal place of business located in the State of

Florida. METRO SOUTH LP is the owner/developer of the Metro South Senior Apartments

project more particularly described herein (hereinafter the "Project"), and an affiliate of Plaintiff, BENEFICIAL COMMUNITIES, LLC.

4. BENEFICIAL COMMUNITIES, LLC (hereinafter "BENEFICIAL") is a Florida limited liability company with its principal place of business located in the State of Florida. BENEFICIAL has an ownership interest in the Project.

5. Plaintiff, SILTEK GROUP, INC., (hereinafter "SILTEK") is a Florida for profit corporation with its principal place of business in the State of Florida. SILTEK is the general contractor for the Project.

6. Defendant, TERRACON CONSULTANTS, INC. (hereinafter 'TERRACON") is a foreign corporation with its principal place of business in the State of Kansas, and is authorized to do business in the State of Florida and in fact is doing business in Miami-Dade County, Florida. TERRACON provided geotechnical services for the Project.

7. On or about February 10, 2014, METRO SOUTH LP and SILTEK entered into a contract whereby SILTEK agreed to construct the Metro South Senior Apartments in exchange for payment.

8. Metro South Senior Apartments (hereinafter the "Project"), located at 6101 Sunset Drive, South Miami, FL 33143, is a five-story assisted living facility for seniors.

9. Beginning on or about January 4, 2006, BENEFICIAL retained TERRACON to provide geotechnical services to the Project. The services and reports were furnished up through and including 2013.

10. TERRACON issued report(s) that stated the Project could be "dewatered" by utilizing well points. The report(s) and services were misleading and/or failed to adequately advise the Owner and Contractor of dewatering limitations and/or water management created by the existing water table for the Project.

11. Plaintiffs, METRO SOUTH LP, BENEFICIAL, and SILTEK justifiably relied upon TERRACON's expertise, opinions, and directions.

2

12.     Due to the lack of salinity in the ground water, the Department of Environmental Resources Management ("DERM"), the governing authority, refused to issue a permit for injection wells.

13.     Plaintiffs were unable to dewater the Project as planned and were forced to utilize a "tremie plug foundation system" to control the water infiltrating at the site during construction.

14.     As a direct result of TERRACON's errors and/or omissions, Plaintiffs have suffered significant damages. These damages were suffered beginning on or about January of 2015 continued through Project completion in 2016/2017.

15.     Plaintiffs' respective damages resulting from TERRACON's errors and/or omissions include but are not limited to, additional construction costs, additional design costs, delay damages, cost escalation, acceleration costs, loss of the contingency fund, lost profits, additional interests on loans, and/or liquidated damages.

## COUNT ONE - NEGLIGENCE ASSERTED BY METRO SOUTH LP

16.     Paragraphs 1 through 15 above are reincorporated as if fully set forth herein.

17.     TERRACON had a duty to METRO SOUTH LP to provide accurate information and reports regarding the subsurface conditions at the Project and the dewatering of the Project site.

18.     TERRACON breached that duty by providing inaccurate and/or misleading information as to the dewatering of the site, or in the alternative, failed to perform additional work necessary to properly advise METRO SOUTH LP regarding dewatering limitations.

19.     TERRACON's errors and/or omissions with respect to the dewatering issue fall below the standard of care in South Florida.

20.     TERRACON knew that METRO SOUTH LP would rely upon its opinions, reports and expertise with respect to dewatering the project site.

21.     TERRACON's duty to perform the services skillfully and diligently runs to the benefit of such known third parties such as METRO SOUTH LP.

3

22. METRO SOUTH LP has suffered and continues to suffer damages as a result of TERRACON'S negligence.

WHEREFORE, Plaintiff, METRO SOUTH LP, respectfully requests this Court enter Judgment in its favor for all damages incurred as a result of TERRACON's negligence.

## COUNT TWO – NEGLIGENCE ASSERTED BY BENEFICIAL

23. Paragraphs 1 through 15 above are reincorporated as if fully set forth herein.

24. TERRACON had a duty to BENEFICIAL to provide accurate information and reports regarding the subsurface conditions at the Project and the dewatering of the Project site.

25. TERRACON breached that duty by providing inaccurate and/or misleading information as to the dewatering of the site, or in the alternative, failed to perform the additional work necessary to properly advise BENEFICIAL regarding dewatering limitations.

26. TERRACON's errors and/or omissions with respect to the dewatering issue fall below the standard of care in South Florida.

27. TERRACON knew that BENEFICIAL would rely upon its opinions, reports and expertise with respect to dewatering the Project site.

28. BENEFICIAL has suffered and continues to suffer damages as a result of TERRACON's negligence.

WHEREFORE, Plaintiff BENEFICIAL respectfully requests this Court enter Judgment in its favor for all damages incurred as a result of TERRACON's negligence.

## COUNT THREE - NEGLIGENCE ASSERTED BY SILTEK

29. Paragraphs 1 through 15 above are reincorporated as if fully set forth herein.

30. TERRACON had a duty to SILTEK to provide accurate information and reports regarding the subsurface conditions at the Project and the dewatering of the Project site.

31. TERRACON breached that duty by providing inaccurate and/or misleading information as to the dewatering of the site, or in the alternative, failed to perform the additional work necessary to properly advise SILTEK regarding dewatering limitations.

32.     TERRACON's errors and/or omissions with respect to the dewatering issue fall below the standard of care in South Florida.

33.     TERRACON knew that SILTEK would rely upon its opinions, reports and expertise with respect to dewatering the Project site.

34.     TERRACON's duty to perform the services skillfully and diligently runs to the benefit of such known third parties such as SILTEK.

35.     SILTEK has suffered and continues to suffer damages as a result of TERRACON'S negligence.

WHEREFORE, SILTEK respectfully request this Court enter Judgment in its favor for all damages incurred as a result of TERRACON'S negligence.

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury of all issues so triable.

Dated this 10th day of November, 2017.

Respectfully submitted,

THE SOTO LAW GROUP, P.A.
Coastal Tower, Suite 400
2400 E. Commercial Boulevard
Fort Lauderdale, FL 33308
Tel. (954) 567-1776
Fax (954) 567-1778
Primary: oscar@sotolawgroup.com
Secondary: rebecca@sotolawgroup.com

By:/s/ Oscar E. Soto
    Oscar E. Soto, Esq.
    Fla. Bar No. 766038

5

Filing # 64052876 E-Filed 11/10/2017 02:37:50 PM

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.     CASE STYLE

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>  COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>Metro South Senior Apartments Limited Partnership, Beneficial Communities, LLC, Siltek Group, Inc.</u>
 Plaintiff
          vs.
<u>Terracon Consultants, Inc.</u>
 Defendant

### II.     TYPE OF CASE

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☒ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999

- ☐ Non-homestead residential foreclosure $250,000 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☐ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☐ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

III.   **REMEDIES SOUGHT** (check all that apply):
     ☒   Monetary;
     ☐   Non-monetary declaratory or injunctive relief;
     ☐   Punitive

IV.   **NUMBER OF CAUSES OF ACTION: (    )**
(Specify)

Three (3) - Negligence Asserted by Metro South LP; Negligence Asserted by Beneficial; Negligence Asserted by Siltek

V.   **IS THIS CASE A CLASS ACTION LAWSUIT?**
     ☐   Yes
     ☒   No

VI.   **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
     ☒   No
     ☐   Yes – If "yes" list all related cases by name, case number and court:

VII.   **IS JURY TRIAL DEMANDED IN COMPLAINT?**
     ☒   Yes
     ☐   No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature s/ Oscar E Soto   FL Bar No.: 766038
     Attorney or party
                                         (Bar number, if attorney)

Oscar E Soto   11/10/2017
     (Type or print name)
                                     Date