**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.: 1:18-cv-20582-KMW**

SILTEK GROUP, INC., a Florida corporation, )
and SILTEK GROUP, INC., on behalf of and )
as assignee of METRO SOUTH SENIOR )
APARTMENTS LIMITED PARTNERSHIP, )
                                                                       )
      Plaintiff, )
                                                           )
v. )
                                                           )
TERRACON CONSULTANTS, INC., a )
foreign corporation, )
                                                           )
      Defendant. )
_____ )

**AMENDED COMPLAINT**

Plaintiff, SILTEK GROUP, INC., a Florida corporation ("SILTEK"), pursuant to this Court's Scheduling Order of April 3, 2018 and Fed. R. Civ. P. 15, files this Amended Complaint against Defendant, TERRACON CONSULTANTS, INC., a foreign corporation ("TERRACON"), and alleges:

**JURISDICTION AND VENUE**

1. This is an action for damages in excess of $75,000.00, exclusive of attorney's fees and costs, with diversity pursuant to 28 U.S.C. § 1332(a)(2).

2. Venue is proper as the United States District Court for the Southern District of Florida is the United States District Court for the state court where this action was originally commenced.

**THE PARTIES**

3. Plaintiff, SILTEK GROUP, INC. (hereinafter "SILTEK") is a Florida for profit corporation with its principal place of business in the State of Florida. SILTEK is the general

contractor for the Project.

4. Defendant, TERRACON CONSULTANTS, INC. (hereinafter 'TERRACON") is a foreign corporation with its principal place of business in the State of Kansas, and is authorized to do business in the State of Florida and in fact is doing business in Miami-Dade County, Florida. TERRACON provided geotechnical services for the Project.

5. Metro South Senior Apartments (hereinafter the "Project"), located at 6101 Sunset Drive, South Miami, FL 33143, is a five-story assisted living facility for seniors.

6. On or about February 10, 2014, non-party, Metro South Senior Apartments Limited Partnership ("Metro") and SILTEK entered into a contract whereby SILTEK agreed to construct the Metro South Senior Apartments in exchange for payment.

7. On or about February 1, 2012, TERRACON and Metro executed a Task Order agreement whereby TERRACON would provide geotechnical services to the Project. Said Task Order was issued in the name of Metro, under a Master Services Agreement between TERRACON and the parent company of Metro.

8. TERRACON issued report(s) that stated the Project could be "dewatered" by utilizing well points. The report(s) and services were misleading and/or failed to adequately advise the Owner and Contractor of dewatering limitations for the Project.

9. Plaintiff, SILTEK and non-party Metro justifiably relied upon TERRACON'S expertise, opinions, and directions.

10. Due to the lack of salinity in the ground water, the Department of Environmental Resources Management ("DERM"), the governing authority, refused to issue a permit for dewatering wells.

11. Defendant, TERRACON was notified of DERM's refusal to issue said permit.

12. Plaintiff SILTEK and non-party Metro were unable to dewater the Project as planned and were forced to utilize a "tremie plug foundation system" to control the water infiltrating at the site during construction.

13. As a direct result of TERRACON's errors and/or omissions, Plaintiff SILTEK and non-party Metro have suffered significant damages.

14. Plaintiff and non-party Metro's respective damages resulting from TERRACON'S errors and/or omissions include, but are not limited to, additional construction costs, additional design costs, delay damages, cost escalation, acceleration costs, loss of the contingency fund, lost profits, additional interests on loans, and liquidated damages.

15. On January 29, 2015, Metro assigned to SILTEK all right, title, and interest in and to all causes of action that have accrued against TERRACON arising from the services rendered by TERRACON in connection with the Project.

### COUNT ONE - NEGLIGENCE ASSERTED ON BEHALF OF METRO SOUTH SENIOR APARTMENTS LIMITED PARTNERSHIP

16. Paragraphs 1 through 15 above are reincorporated as if fully set forth herein.

17. TERRACON had a duty to Metro to provide accurate information and reports regarding the subsurface conditions at the Project and the dewatering of the Project site.

18. TERRACON breached that duty by providing inaccurate and/or misleading information as to the dewatering of the site, or in the alternative, failed to perform additional work necessary to properly advise Metro regarding dewatering limitations.

19. TERRACON's errors and/or omissions with respect to the dewatering issue fall below the standard of care in South Florida.

20. TERRACON knew that Metro would rely upon its opinions, reports and expertise with respect to dewatering the project site.

21. TERRACON's duty to perform the services skillfully and diligently runs to the benefit of Metro pursuant to the task order.

22. Metro has suffered and continues to suffer damages as a result of TERRACON'S negligence.

WHEREFORE, Plaintiff, SILTEK GROUP, INC., on behalf of and as assignee of Metro South Senior Apartments Limited Partnership, respectfully requests this Court enter Judgment in its favor for all damages incurred as a result of TERRACON's negligence.

### COUNT TWO – NEGLIGENCE ASSERTED BY SILTEK

23. Paragraphs 1 through 15 above are reincorporated as if fully set forth herein.

24. TERRACON had a duty to SILTEK to provide accurate information and reports regarding the subsurface conditions at the Project and the dewatering of the Project site.

25. TERRACON breached that duty by providing inaccurate and/or misleading information as to the dewatering of the site, or in the alternative, failed to perform the additional work necessary to properly advise SILTEK regarding dewatering limitations.

26. TERRACON's errors and/or omissions with respect to the dewatering issue fall below the standard of care in South Florida.

27. TERRACON knew that SILTEK would rely upon its opinions, reports and expertise with respect to dewatering the Project site.

28. TERRACON's duty to perform the services skillfully and diligently runs to the benefit of such known third parties such as SILTEK.

29. SILTEK has suffered and continues to suffer damages as a result of TERRACON's negligence.

WHEREFORE, SILTEK respectfully request this Court enter Judgment in its favor for all

damages incurred as a result of TERRACON'S negligence.

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury of all issues so triable.

                                          Respectfully submitted,

                                          THE SOTO LAW GROUP
                                          *Attorneys for Plaintiff*
                                          Coastal Tower, Suite 400
                                          2400 East Commercial Blvd.
                                          Fort Lauderdale, FL  33308
                                          Telephone: 954-567-1776
                                          Facsimile: 954-567-1778
                                          Primary:       oscar@sotolawgroup.com
                                                                 andrew@sotolawgroup.com
                                          Secondary:   rebecca@sotolawgroup.com

                                     By: s/ *Oscar E. Soto*
                                          Oscar E. Soto, Esq.
                                          Florida Bar No.: 766038
                                          Andrew V. Cobbe, Esq.
                                          Florida Bar No.: 110028