**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case No. 18-20582-CIV-WILLIAMS/TORRES

METRO SOUTH SENIOR APARTMENTS
LIMITED PARTNERSHIP, a Florida limited
partnership, BENEFICIAL COMMUNITIES,
LLC, a Florida limited liability company, and
SILTEK GROUP, INC., a Florida corporation,

      Plaintiffs,

v.

TERRACON CONSULTANTS, INC., a
foreign corporation,

      Defendant.

_____

## DEFENDANT, TERRACON CONSULTANTS, INC. MOTION TO DISMISS WITH INCORPORATED MEMORANDUM OF LAW

**COMES NOW**, Defendant, Terracon Consultants, Inc. ("Terracon"), and under Federal Rule of Civil Procedure 12(b)(6), respectfully asks this Court to dismiss Siltek Group, Inc.'s ("Siltek"), amended complaint for its failure to state a claim for relief and its failure to meet the pleading standards of Federal Rule of Civil Procedure 8.  In support thereof, Terracon states as follows:

This case arises from a project to improve a property located at 6101 Sunset Dr., South Miami, FL 33143 (the "Project").  Am. Compl. ¶ 5.  Siltek was engaged by Metro South Senior Apartments, LP ("Metro LP") to serve as the contractor for the Project.  Am. Compl. ¶ 6.  Terracon was retained by Metro LP to provided geotechnical services for the Project, and it issued "report(s)" advising that the Project could be dewatered by using "well points."  Am. Compl. ¶ 6.

1

Siltek has sued Terracon for two counts of negligence in connection with Terracon's role on Project, alleging that Terracon owed it a duty to provide it with "accurate information and reports", but "breached that duty providing inaccurate and/or misleading information as to the dewatering of the site, or in the alternative, failed to perform additional work necessary to properly advise [Metro LP and Siltek] regarding dewatering limitations." Am. Compl. ¶¶ 17 and 24, and Am. Compl. ¶¶ 18 and 25, respectively.[1] The first count is for Siltek's negligence claim on behalf of Metro LP, based on an assignment of all its rights and claims against Terracon to Siltek. Am. Compl. ¶ 15. The second count is for Siltek's own negligence claim against Terracon.

Siltek's amended complaint does not meet the Federal pleading standards in that it relies on formulaic resuscitations of elements of the claims without providing supporting facts to demonstrate their plausibility. Even more, where facts are alleged by Siltek, they not only fail to support, but in fact contradict, one of the quintessential elements of its claims. That is, the facts alleged demonstrate that Terracon's purported breach – a failure to provide accurate information – cannot be deemed to be the proximate legal cause of Siltek's damages. In any event, even in its deficient form, the circumstances presented by the allegations in Siltek's amended complaint preclude its recovery based on the economic loss rule.

For these reasons, Siltek has failed to state a claim for relief, and moreover, cannot stated a claim for relief. In support of these arguments, and pursuant to LR 7.1(a), Terracon sets forth the following memorandum of law.

---

[1] Initially, there had been three plaintiffs in this action. However, Siltek moved for, and was granted, leave to file an amended complaint which drops the two other party plaintiffs. See Siltek's Mtn. ¶ 7 [D.E. 23], and this Court's Order [D.E. 24]. Accordingly, Siltek is the only plaintiff now.

**MEMORANDUM OF LAW**

**A.     Pleading Deficiencies Cause Siltek's Amended Complaint to Fail to State a Claim for Relief**

To adequately plead a claim for relief, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The well pled allegations of the claim must be taken as true and must be read to include any theory on which the plaintiff may recover. See *Linder v. Portocarrero*, 963 F. 2d 332, 334-36 (11th Cir. 1992) (internal citations omitted). Once a claim has been stated adequately, a plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint. *Twombly*, 127 U.S. at 563.

However, to be deemed well pled, enough facts must be articulated "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (abrogating *Conley*, 355 U.S. 41). Conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts do not meet the pleading standard and will not prevent dismissal. *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations marks omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the plaintiff is entitled to relief.'" *Id.* at 679. (internal citations omitted).

In the case at bar, Siltek has raised two counts of negligence against Terracon. Under Florida law, a claim for negligence is comprised of four elements: (i) duty of care, (ii) breach of

that duty, (iii) causation and (iv) damages. *R.J. Reynolds Tobacco Co. v. Brown*, 70 So. 3d 707, 717 (Fla. 4th DCA 2011) (citing *Gibbs v. Hernandez*, 810 So. 2d 1034, 1036 (Fla. 4th DCA 2002)). With respect to the breach, causation and damages elements of Siltek's negligence claims against Terracon, its allegations mimic the enumerated pattern; however, they do so only by employing conclusory allegations. With respect to the duty of care element, the duty alleged in the complaint is *ex contractu* rather than *ex delicto*, and thus does not support the claims.

### 1. Duty of Care Element

A duty of care means a "duty, or obligation, recognized by the law, requiring the defendant to conform to a certain standard of conduct, for the protection of others against unreasonable risks." *Curd v. Mosaic Fertilizer, LLC*, 39 So.3d 1216, 1227 (Fla. 2010) (quoting *Clay Electric Cooperative, Inc. v. Johnson*, 873 So.2d 1182, 1185 (Fla. 2003)). It requires those who create a risk by their actions to "either to lessen the risk or see that sufficient precautions are taken to protect others from the harm that the risk poses." *Jennings v. BIC Corp.*, 181 F.3d 1250, 1257 (11th Cir. 1999). However, a duty to conform with a standard is not the same as a duty to deliver a particular product or result. See *School Bd. of Broward County v. Pierce Goodwin Alexander & Linville*, 137 So. 3d 1059, 1065 (Fla. 4th DCA 2014) (recognizing that under common law, an architect does not have a duty to deliver a set of perfect design, but instead, only to prepare its designs in accordance with the standard of care used by similar professionals in the community under similar circumstances).

In the case at bar, rather than alleging a particular standard of conduct to be conformed to by Terracon, Siltek only alleges that Terracon had a duty to deliver a particular product which meets a particular quality. Specifically, Siltek alleges that Terracon had a duty to provide Siltek

4

and Metro LP with "accurate information and reports" concerning the Project site's subsurface conditions and dewatering. See Am. Compl. ¶ 17 and 24.

Accuracy and perfection are analogous, and so, much like there is no duty under common law to perform perfectly, there is no duty under common law for perform accurately. As such, in the case at bar, rather than setting out a common law duty of care, Siltek's negligence claims instead set out an *ex contractu* duty. See *Lochrane Engineering, Inc. v. Willingham Realgrowth Inv. Fund, Ltd.*, 552 So.2d 228, 232 (Fla. 5th DCA 1989) (Explaining that "[t]he contractual duty of one who delivers a product or manual services, is to conform to the quality or quantity specified in the express contract…"). Because no *ex delicto* duty of care has been alleged by Siltek, its negligence claims fail to state a claim for relief.

### 2. Breach and Causation Elements

As to the breach and causation elements of its two negligence claims, Siltek alleges, without further elaboration, that: (A) Terracon breached its duty to Siltek by providing inaccurate or misleading information and reports [Am. Compl. ¶¶ 18, 25]; and (B) Terracon's negligence has caused it damages [Am. Compl. ¶¶ 22, 29].

Conclusory allegations such as those asserted by Siltek, without facts to support those conclusions, do not meet the minimum pleading standard. See *Ojeda v. Louisville Ladder Inc.*, 410 F. App'x 213, 215 (11th Cir. 2010) (ladder "defective" because of "improper design, shape, size, and configuration" are legal conclusions); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (legal conclusion of "unlawful agreement" to be disregarded in considering sufficiency of pleading); *Gazzara v. Pulte Home Corp.*, 207 F. Supp. 3d 1306, 1309 (M.D. Fla. 2016) (allegations that stucco was "defective" so as to result in "damages" to the plaintiffs were "entirely conclusory").

In *Gazzara*, a builder of certain homes was sued by the owners of those homes for, among other things, negligently installing the stucco siding on those homes. *Id*. at 1308. The homeowners alleged that the builder owed them a duty to construct homes with Florida Building Code-compliant stucco siding, and that despite this duty, the builder built homes that "were not code-compliant" and had "defective" stucco resulting in the homeowners being "damaged". *Id*. at 1309. The matter came in front of the Court on a motion to dismiss by the builder. *Id*. at 1307. In ruling on a motion to dismiss, the Court found that the negligence allegations were entirely conclusory in that they did not identify the purported violations of the Florida Building Code, or provide "any details as to the way in which the stucco siding is defective or the harm suffered by the [homeowners]." *Id*. As such, the allegations did not meet the pleading standards set out in Federal Rule of Civil Procedure 8(a).

Like the homeowner's failure in *Gazzara* to allege the manner in which the stucco siding was defective and violative of the Florida Building Code, nowhere in Siltek's amended complaint does it allege the manner in which the information provided by Terracon was inaccurate. In fact, even more then in *Gazzara*, where the homeowners at least limited their allegations to the stucco portions of their homes, here Siltek does not identify which of the several reports issued by Terracon for the Project it is asserting contain the inaccurate information that caused its damages. As such, Siltek has not only failed articulate facts sufficient to meet the pleading standard set out in *Twombly* and *Iqbal*, but it does not even provide Terracon with the information necessary to put it on notice of what it is being alleged to have done negligently and thus, would not even have met the abrogated standard set out in *Conley*.

    **3.**    **Damages Element**

With respect to the damages element of Siltek's negligence claims, while the amended complaint prays for a variety of damages, it fails to plead them with the specificity required under the Federal Rule of Civil Procedure.

Special damages are subject to the heightened pleading requirement of Federal Rule of Civil Procedure 9(g), and thus must be plead specifically in order to provide the defendants with adequate notice. See *Carnell Const. Corp. v. Danville Redevelopment & Housing Authority*, 745 F. 3d 703, 725, (4th Cir. 2014). In diversity jurisdiction cases, such as this one, state law determines whether an item of damages is ordinary or special. *Id*.

Florida law holds that "[s]pecial damages are those that do not necessarily result from the wrong or breach of contract complained of, or which the law does not imply as a result of that injury, even though they might naturally and proximately result from the injury." *Land Title of Cent. Florida, LLC v. Jimenez*, 946 So. 2d 90, 93 (Fla. 5th DCA 2006) (holding that damages flowing from a closing agent's erroneous drafting of closing documents for a parcel of land that was subject to a mineral rights reservation were special damages). Instead, special damages "stem from losses incurred by the non-breaching party in its dealings, often with third parties, which were a proximate result of the breach, and which were reasonably foreseeable by the breaching party at the time of contracting." *Hardwick Properties, Inc. v. Newbern*, 711 So. 2d 35, 40 (Fla. 1st DCA 1998).

In the case at bar, Siltek sets out its damages resulting from Terracon's "errors and/or omissions" as follows: "additional construction costs, additional design costs, delay damages, cost escalation, acceleration costs, loss of the contingency fund, lost profits, additional interests on loans, and liquidated damages." [Am. Compl. ¶ 14]. Inaccuracies, rather than the indefinitely stated "errors and/or omissions," serve as the bases of Siltek's claims. Even so, the damages which

are purported to have resulted from them are special in that they would not necessarily flow from the alleged from the provision of inaccurate information or undefined errors and/or omissions by Terracon on the Project, and moreover, would be the product of Siltek's dealings with third parties. Nevertheless, they are not stated specifically enough to provide notice of Terracon of nature of each of the injuries. That is, Siltek did not identify the additional expenditures that it would have avoid incurring but for Terracon's negligence so as to resulting the purported additional costs, what profits it lost, or what liquated damages it is entitled to recover considering that its claims are for negligence.

**B.     Siltek's Allegations Exonerate Terracon**

Claims are susceptible to dismissal where they contain allegations which disprove liability. See *Moranski v. General Motors Corp.*, 433 F.3d 537, 540 (7th Cir. 2005) (finding that the allegations in the complaint showed that the employment-discrimination claim failed the applicable test); *Centro Medico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005). Contrary to the conclusory allegation of causation in the amended complaint [Am. Compl. ¶¶ 22 and 29], the few actual facts pleaded by Siltek demonstrate that the direct cause of Siltek's purported damages was the refusal by the Department of Environmental Resources Management ("DERM") to issue a permit for dewatering wells. Specifically, in pertinent part, the amended complaint alleges as follows:

> 8. TERRACON issued report(s) that stated the Project could be "dewatered" by utilizing well points. The report(s) and services were misleading and/or failed to adequately advise the Owner and Contractor of dewatering limitations for the Project.
>
> 9. Plaintiff, SILTEK and non-party Metro justifiably relied upon TERRACON'S expertise, opinions, and directions.
>
> 10. Due to the lack of salinity in the ground water, the Department of Environmental Resources Management ("DERM"), the

8

>> governing authority, refused to issue a permit for dewatering wells.
>>
>> 11. Defendant, TERRACON was notified of DERM's refusal to issue said permit.
>>
>> 12. Plaintiff SILTEK and non-party Metro were unable to dewater the Project as planned and were forced to utilize a "tremie plug foundation system" to control the water infiltrating at the site during construction.
>>
>> 13. As a direct result of TERRACON's errors and/or omissions, Plaintiff SILTEK and non-party Metro have suffered significant damages.

There is nothing within these factual allegations which demonstrate a causal connection between Terracon's purported provision of "inaccurate and/or misleading information" and DERM's refusal to issue a permit for dewatering wells. In fact, they clearly assert that it was something else altogether – a lack of salinity in the ground water – that prompted DERM's action.

Nothing suggests that Terracon controlled the salinity of the ground water. There is not even anything to suggest that Terracon reported on the salinity of the ground water or the use of dewatering wells.[2] Thus, irrespective of any inaccuracies in Terracon's reports, the direct and proximate cause of Siltek's purported damages was DERM's independent actions. Accordingly, far from providing enough factual allegations to raise Siltek's "right to relief above the speculative

---

[2] While Siltek alleges that Terracon did issue report(s) that stated that "well points" could be used, it does not allege that "well points" and "dewatering wells" are one and the same, and nor could it since a well point is a "hollow pointed rod with a perforated intake driven into an excavation to lower the water table by pumping and thus minimize flooding during construction," whereas dewatering wells store water, including water removed through use of well points. See WELL POINT, Merrian-Webster Dictionary, https://www.merriam-webster.com/dictionary/well%20point (last checked July 2, 2018) and David Smiley, 10,000-Foot Injection Well Could Change How Miami Flushes, Miami Herald, April 8, 2016, https://www.miamiherald.com/news/local/community/miami-dade/article70629122.html (last visited Jul 2, 2018). Even if the Court cannot take judicial notice of this fact, Siltek is nevertheless not entitled to a contrary inference that "well points" and "dewatering wells" are one and the same, especially since that has not been alleged.

9

level", as required under *Twombly*, the factual allegations provided by Siltek diminish, if not disprove, the right. 550 U.S. at 555.

### C.     Siltek's Negligence Claims Barred by the Economic Loss Rule

Under Florida law, negligence claims are limited to those instances where there has been a bodily injury or property damage. See *Monroe v. Sarasota County School Bd.*, 746 So. 2d 530 (Fla. 2nd DCA 1999); *Virgilio v. Ryland Group, Inc.*, 695 F. Supp. 2d 1276, 1281 (M.D. Fla. 2010), aff'd, 680 F.3d 1329 (11th Cir. 2012). The Court in *Gazzara* recognized this, finding that "Florida's economic loss rule bars tort claims by owners of defective products who suffer solely economic losses, which is the harm that the Plaintiffs are actually complaining about in this case." *Gazzara*, 207 F. Supp. 3d at 1309. Because of this, the court in *Gazzara* ruled that even if the homeowners who had brought suit were able to correct their pleading deficiencies relating to their negligence claim, recovery would nevertheless be prohibited, and thus, the claim should be dismissed with prejudice. *Id*. at 1309-10.

Like in *Gazzara*, with its negligence claims, Siltek is only seeking to recover for economic losses. No bodily injury or property damage is alleged. Accordingly, its claims are barred by the economic loss rule as well.

### A.     Conclusion

Because Siltek's negligence claims are comprised of formulaic allegations of the elements based on conclusions bereft of sufficient factual support to raise them above naked assertions, they fail to meet the pleading standard out in Federal Rule of Civil Procedure 8(a). As such, the amended complaint fails to state claims for relief. It also fails to state claims for relief because Siltek does not rely on a duty found in common law to show Terracon's negligence, and because, with the few facts espoused by Siltek in the amended complaint, it demonstrates that Terracon was

not the proximate legal cause of its losses. Finally, because Siltek's negligence claims do not pertain to a bodily injury or property damage, Siltek would not be entitled to the relief it seeks even if its pleading deficiencies were corrected. Accordingly, Siltek's negligence claims against Terracon should be dismissed with prejudice.

WHEREFORE, based on the foregoing, Terracon respectfully requests that this Court dismiss Siltek's negligence claims against it with prejudice as barred by the economic loss rule, or in the alternative, without prejudice for failing to state a cause of action, and to grant Terracon any other and further relief that it deems just and proper.

Dated:   July 4, 2018

Respectfully Submitted,
MILBER MAKRIS PLOUSADIS & SEIDEN, LLP
*Attorneys for Defendant, Terracon Consultants, Inc.*
1900 NW Corporate Blvd., Suite 440 East
Boca Raton, Florida 33431
Telephone:   561-994-7310
Facsimile:   561-994-7313
Email:  bcalderon@milbermakris.com
Email:  gbaros@milbermakris.com

By: /s/ Grant Baros
   Bruce R. Calderon
   Florida Bar No. 50448
   Grant A. Baros, Jr.
   Florida Bar No. 59685

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by way of the CM/ECF system for the United States District Court for the Southern District of Florida on this  4th  day of  July , 2018, on all counsel or parties of record on the Service List below.

        /s/ Grant Baros
        Grant A. Baros, Jr.

## SERVICE LIST

Oscar E. Soto, Esq.
oscar@sotolawgroup.com
rebecca@sotolawgroup.com
**The Soto Law Group, P.A.**
Coastal Tower, Suite 400
2400 E. Commercial Blvd.
Ft. Lauderdale, FL  33308
Tel. (954) 567-1776
Fax (954) 567-1778
*Attorney for Plaintiffs, Metro South Senior Apartments Limited Partnership, Beneficial Communities, LLC, and Siltek Group, Inc.*