**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**CASE NO.: 1:18-cv-20582-KMW**

SILTEK GROUP, INC., a Florida corporation, )
and SILTEK GROUP, INC., on behalf of and )
as assignee of METRO SOUTH SENIOR )
APARTMENTS LIMITED PARTNERSHIP, )
                                                                          )
      Plaintiff, )
                                                                 )
v. )
                                                                 )
TERRACON CONSULTANTS, INC., a )
foreign corporation, )
                                                                )
      Defendant. )
_____)

**PLAINTIFF SILTEK GROUP, INC.'S RESPONSE AND INCORPORATED
MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT TERRACON
CONSULTANTS, INC.'S MOTION TO DISMISS**

COMES NOW, Plaintiff, SILTEK GROUP, INC. ("SILTEK"), by and through its undersigned counsel, and pursuant to the Federal Rules of Civil Procedure, hereby files their Response and Incorporated Memorandum of Law in Opposition to Defendant, TERRACON CONSULTANTS, INC.'s ("TERRACON") Motion to Dismiss (Doc. 26), and states as follows:

**A. Pleading Deficiencies**

Defendant alleges that the pleadings fail to state a claim of relief[1]. However, the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is "a short and plain statement of the claim" that

---

[1] TERRACON, after removing this action from the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, FL, answered the original Complaint in this matter that brought the same causes of action.  However, after amendment of the Complaint to drop parties, TERRACON has chosen to file the instant motion and take issue with the pleading sufficiency of the Amended Complaint.

will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. The illustrative forms appended to the Rules plainly demonstrate this. Such simplified "notice pleading" is made possible by the liberal opportunity for discovery and the other pretrial procedures. *Conley v. Gibson*, 355 U.S. 41, 47-48, 78 S. Ct. 99, 103 (1957). "A complaint may not be dismissed unless the plaintiff can prove no set of facts which would entitle him to relief." *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992).

Plaintiff's Amended Complaint (Doc. 25) includes factual background statements of the claim, incorporated into each of the two counts against the Defendant, which give the Defendant fair notice of what the plaintiff's claim is. To further the point, Defendant's Motion to Dismiss argues against the merits of Plaintiff's claims.

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S. Ct. 1955, 1964-65 (2007). In the instant case, the Amended Complaint not only lays out the elements of the cause of action but also explicitly includes factual allegations of each element of the claim. In a complaint, "the Plaintiff's factual allegations are accepted as true. Dismissal is not appropriate unless it is plain that the Plaintiff can prove no set of facts that would support the claims in the complaint." *Davila v. Delta Air Lines, Inc*., 326 F.3d 1183, 1185 (11th Cir. 2003).  To survive dismissal, a complaint must contain sufficient factual matters, accepted as true, to "state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 1949 (2009).

In the case at hand, SILTEK has alleged two counts of negligence against TERRACON, a consulting engineering firm. To prevail on a negligence claim, a plaintiff ordinarily must prove

2

the four elements: duty of care, breach of that duty, causation and damages. *Gibbs v. Hernandez*, 810 So. 2d 1034, 1036 (Fla. 4th DCA 2002). Defendant's Motion alleges that Plaintiff's allegations mimic the enumerated pattern and do so only employing conclusory statements. In actuality, SILTEK provided a factual background to the case in paragraphs 1-15 of the Amended Complaint, laying out specific factual allegations, and incorporated the factual allegations into each count of negligence against TERRACON.

**1. Duty of Care Element**

Defendant asserts that SILTEK did not allege a standard of care to be conformed to by TERRACON. Duty is defined as, "[a] duty, or obligation, recognized by the law, requiring the [defendant] to conform to a certain standard of conduct, for the protection of others against unreasonable risks." *Clay Elec. Coop., Inc. v. Johnson*, 873 So.2d 1182, 1185 (Fla.2003) (alterations in original) quoting *Prosser and Keaton on the Law of Torts* 164-65, W. Page Keeton ed., 5th ed.1984. As the risk grows greater, "so does the duty, because the risk to be perceived defines the duty that must be undertaken." *McCain v. Florida Power Corp.,* 593 So. 2d 500, 503 (Fla.1992). As a matter of [common] law, professionals rendering professional services are to perform such services in accordance with the standard of care used by similar professionals in the community under similar circumstances." *Sch. Bd. v. Pierce Goodwin Alexander & Linville,* 137 So. 3d 1059, 1065 (Fla. 4th DCA 2014).

Defendant argues that Plaintiff has failed to plead the proper duty of care. In the instant case, SILTEK alleges that Defendant had the duty to provide "accurate information and reports regarding the subsurface conditions at the "Project". *See* Am. Comp. ¶17. It is well settled that the standard of care owed by a professional engineer is the ordinary and reasonable skills of other engineers in the community. *Pierce* at 165. For Defendant's argument to prevail, the standard of

care for similar professionals in south Florida would have to explicitly exclude accurate geotechnical analysis of subsurface conditions. Surely the engineering community would disagree. Defendant cites *Pierce* in an effort to suggest that because an architect is not required to provide a "perfect design", somehow Terracon's inability to accurately report the nature of subsurface conditions falls within the accepted standard of care for like professionals in South Florida.

Simply put, TERRACON was required to act within the parameters of a professional engineer in the South Florida community and provide accurate reports and opinions. Instead, the "reports were misleading and/or failed to adequately advise the owner and contractor of dewatering limitations for the project." Am. Comp. ¶8. Assuming *arguendo* that Defendant is correct, the standard of care of an engineer in South Florida would include providing misleading engineering reports and inadequate advice regarding the conclusions of said reports. If that were in fact the case, engineers would be free from any liability stemming from their own failures to properly provide the services for which they are retained.

**2.  Breach and Causation Elements**

Defendant alleges that SILTEK failed to elaborate on how TERRACON breached its duty to SILTEK or what damages SILTEK incurred. Defendant cites *Ojeda v. Louisville Ladder, Inc.*, in support of his position. However, the Court in *Ojeda* is stating the rule regarding the facts and personal knowledge required in an affidavit, not the standard for a complaint. Further, *Ojeda* is distinguishable from the current case in that *Ojeda* discusses the standard to defeat a motion for summary judgment. "A nonmoving party may not defeat summary judgment by "simply relying on legal conclusions or evidence which would be inadmissible at trial. The evidence presented cannot consist of conclusory allegations or legal conclusions." *Ojeda v. Louisville Ladder, Inc.*,

4

410 F. App'x 213, 215 (11th Cir. 2010). While the *Ojeda* court provides the standard for affidavits in opposition to summary judgment, the standard for pleading the allegations in a complaint is "a short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests" *Conley,* 355 U.S at 47; not the *Ojeda* standard incorrectly relied upon by Defendant.

Defendant also cites to *Gazzara v. Pulte Home Corp*. In *Gazzara,* it was alleged that a builder of homes had a duty to construct homes with code-compliant stucco siding and that the company owed this duty to all foreseeable owners, that the stucco was defective, and the plaintiffs were damaged. *Gazzara v. Pulte Home Corp*., 207 F. Supp. 3d 1306, 1309-10 (M.D. Fla. 2016). The Court in *Gazzara* held that the allegations were conclusory and had no explanation as to how Defendant failed to comply with the Code, that the pleading failed to mention how the stucco sliding was defective, or the harm suffered by the Plaintiffs. *Id.* Neither of the bases for the *Gazzara* court's conclusions are present in the instant case.

Defendant's assertions that SILTEK "alleges without further elaboration" purely conclusory allegations is misplaced and actively ignores each of the allegations contained in paragraphs one through fifteen of the Amended Complaint that are explicitly incorporated into each of the counts brought. In its Amended Complaint, SILTEK alleges that 1) "Terracon and Metro executed a task order whereby Terracon would provide geotechnical services to the Project," Am. Comp. ¶7; 2) Defendant issued a report that stated the project could be "dewatered" by utilizing well points, Am. Comp. ¶8; 3) The Department of Environmental Resources Management ("DERM") refused to issue a permit for dewatering wells due to the lack of salinity in the ground water, Am. Comp. ¶10; 4) SILTEK was "unable to dewater the Project as planned and were forced to utilize 'a tremie plug foundation system' to control the water…" Am. Comp.

¶12; 5) SILTEK'S "damages resulting from TERRACON'S errors and/or omissions include, but are not limited to additional construction costs, additional design costs, delay damages, cost escalation, acceleration costs, loss of the contingency fund, lost profits, additional interest on loans, and liquidated damages." Am. Comp. ¶14.

The above makes abundantly clear that SILTEK's Amended Complaint conforms with *Gazzara* by providing details as to the way in which Defendant's actions breached the duty of care, and the resultant harm and damages suffered. Only if one ignores each of the paragraphs contained in paragraphs 1-15 and incorporated into each count does Defendant's argument hold true. As such, Defendant's attack on the pleading sufficiency with regard to the breach and causation elements fails.

### 3. Damages Element

Defendant alleges that SILTEK failed to plead special damages in conformity with Fed. R. Civ P. 9g. However, a plain reading of SILTEK's Amended Complaint reveals that SILTEK specifically pleaded the damages which arose from Defendant's conduct and the damages were the foreseeable outcome of Defendants conduct.

The primary purpose of Rule 9(g) is one of notice, both to "inform defending parties as to the nature of the damages claimed in order to avoid surprise; and to inform the court of the substance of the complaint. *Carnell Constr. Corp. v. Danville Redevelopment & Hous. Auth.,* 745 F.3d 703, 725-26 (4th Cir. 2014). "Special damages are those that do not *necessarily* result from the wrong or breach of contract complained of, or which the law does not imply as a result of that injury, even though they might naturally and proximately result from the injury." *Land Title of Cent. Fla., LLC v. Jiminez*, 946 So.2d 90, 93 (Fla. 5th DCA 2006). TERRACON relies upon *Land Title* to support the proposition that Florida law requires greater specificity than that pleaded by

SILTEK. However, in *Land Title*, the Court explored the injuries claimed in several cases where the subject of special damages was discussed. The loss of a farm resulting from the loss of livestock because of the obstruction of water to the farm, and the suffering of physical inconvenience and bodily harm (a heart attack) as the result of pile driving and construction on an adjacent property, were both instances of specifically pleaded special damages. *Land Title* at 93. Here SILTEK has articulated its damages with at least as much specificity as those cited by the *Land Title* court, if not more.

Defendant, in the instant motion, cites the damages pleaded by SILTEK; "additional construction costs, additional design costs, delay damages, cost escalation, acceleration costs, loss of the contingency fund, lost profits, additional Interest on loans and liquidated damages." Am. Comp. ¶14, Motion to Dismiss, ¶7. Despite actually citing the specifically pleaded damages, TERRACON claims that insufficient specificity exists. Defendant's argument taken to its end, would require any plaintiff seeking special damages to include details and specificity so minute, that discovery with regard to damages would no longer be necessary. As such, Defendant's argument that SILTEK's pleading of its damages was insufficient should not carry the day.

**A. Siltek's Allegations Do Not Exonerate Terracon**

Defendant claims that SILTEK's allegations exonerate TERRACON. Defendant states that, "the few actual facts pleaded by Siltek demonstrate that the direct cause of Siltek's purported damages was the refusal by the Department of Environmental Research Management." Defendant's Motion then denies that the factual allegations in the amended complaint demonstrates a causal connection between TERRACON's inaccurate information and DERM's refusal to permit a dewatering well.

7

TERRACON was hired by Metro to provide geotechnical services to the project. Amd. Comp. ¶7. TERRACON provided SILTEK with reports which state that the Project could be "dewatered" via well points. Am. Comp. ¶8. SILTEK relied on the expertise of TERRACON and used their professional recommendation concerning well points to attempt to obtain a permit from DERM.  No such permit was issued, as DERM denied the application based on the salinity levels of the water on site, an application and course of action that would never have been submitted had SILTEK not relied upon the reports of TERRACON and opinions contained therein.  Defendant also provides additional argument, by way of footnote, pointing out a difference in nomenclature, *e.g.*, well points versus dewatering wells.  This is a distinction without impact.  As TERRACON makes clear, SILTEK has not alleged the two to be the same, nor should SILTEK be required to do so as TERRACON itself has informed the Court that well points are used in conjunction with and as a necessary part of dewatering wells.  Further, as the well pled allegations of the Amended Complaint are to be taken in as true and must be read to include any theory on which the Plaintiff may recover, Defendant's argument here too should fail. *See Linder* at 334.

### B. The Economic Loss Rule Does Not Apply to the Instant Case

Defendant has alleged that the Economic Loss rule bars "tort claims by owners who suffer solely economic harm." *Gazzara,* 207 F. Supp. 3d at 1309. While accurate with regard to common law negligence claims, TERRACON's contention is again misplaced.  The Economic Loss Rule in Florida simply does not apply to the instant matter. Florida law recognizes a cause of action for professional negligence that is expressly exempt from the Economic Loss Rule.  *Moransais v. Heathman,* 744 So. 2d 973 (Fla. 1999) ("Today, we again emphasize that by recognizing that the economic loss rule may have some genuine, but limited, value in our damages law, we never

intended to bar well-established common law causes of action, such as those for neglect in providing professional services").

In *Moriansais*, the Court held that because actions against professionals involve purely economic loss without accompanying personal injury or property damage, extending the economic loss rule to professional negligence cases would effectively extinguish such causes of action. *Id.* The Supreme Court of Florida reiterated this exemption stating, "we reaffirm the other exceptions to the economic loss rule that we have developed, such as for professional malpractice…" *Tiara Condo. Ass'n v. Marsh & McLennan Cos.*, 110 So.3d 399 (Fla. 2013). As such, Defendant's argument that SILTEK's claims are barred by the Economic Loss Rule fail in the face of well-established Florida law.

**C. Conclusion**

Plaintiff SILTEK has properly pleaded its causes of action against Defendant TERRACON in compliance with Federal Rule of Procedure 8(a) and the substantive law of the state of Florida. Despite the contention of TERRACON, each of the elements has been pleaded with specificity sufficient to place TERRACON on notice of the claims against it. No reading of SILTEK's Amended Complaint exonerates TERRACON, and Florida law expressly exempts professional negligence from the Economic Loss Rule. Lastly, each of the authorities upon which TERRACON has based its arguments are either distinguishable from the instant case, or actually support the sufficiency of SILTEK's Amended Complaint and the denial of the TERRACON's Motion to Dismiss.

WHEREFORE, Plaintiff, SILTEK GROUP, INC., prays this honorable Court enter an Order denying Defendant, TERRACON CONSULTANTS, INC.'s Motion to Dismiss, or in the alternative should the Court agree with the argument of TERRACON CONSULTANTS, INC., an Order without prejudice granting leave to amend, and any other relief this Court deems just and proper.

    Respectfully submitted,

    THE SOTO LAW GROUP
    *Attorneys for Plaintiffs*
    Coastal Tower, Suite 400
    2400 East Commercial Blvd.
    Fort Lauderdale, FL  33308
    Telephone: 954-567-1776
    Facsimile: 954-567-1778
    Primary:    oscar@sotolawgroup.com
    Primary:    andrew@sotolawgroup.com
    Secondary:    rebecca@sotolawgroup.com

By: /s/ *Andrew V. Cobbe*
    Oscar E. Soto, Esq.
    Florida Bar No.: 766038
    Andrew V. Cobbe, Esq.
    Florida Bar No. 110028

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on Friday, July 27, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified below, in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing/electronically filed documents:

    Bruce R. Calderon
    Grant A. Baros, Jr.
    MILBER MAKRIS PLOUSADIS & SEIDEN, LLP
    *Attorneys for Defendant*
    1900 NW Corporate Blvd., Suite 440 East
    Boca Raton, Florida 33431
    E-mail(s):    bcalderon@milbermakris.com
                    gbaros@milbermakris.com

    *Service via electronic notice to be generated by CM/ECF*

                                  THE SOTO LAW GROUP
                                  *Attorneys for Plaintiffs*
                                  Coastal Tower, Suite 400
                                  2400 East Commercial Blvd.
                                  Fort Lauderdale, FL  33308
                                  Telephone: 954-567-1776
                                  Facsimile: 954-567-1778
                                  Primary:    oscar@sotolawgroup.com
                                  Primary:    andrew@sotolawgroup.com
                                  Secondary:    rebecca@sotolawgroup.com

    By: s/ *Andrew V. Cobbe*
            Oscar E. Soto, Esq.
            Florida Bar No.: 766038
            Andrew V. Cobbe, Esq.
            Florida Bar No. 110028