UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE No. 18-20582-CIV-WILLIAMS/TORRES

SILTEK GROUP, INC., a Florida Corporation
And SILTEK GROUP INC., on behalf and
as assignee of METRO SOUTH SENIOR
APARTMENTS LIMITED PARTNERSHIP

       Plaintiff,

v.

TERRACON CONSULTANTS, INC.,
a foreign corporation,

       Defendant.

_____|

## DEFENDANT TERRACON CONSULTANTS, INC.'S MOTION FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1, Defendant TERRACON CONSULTANTS, INC. (TERRACON) files this Motion for Final Summary Judgment ("Motion") as to Count One and Count Two of Plaintiff, SILTEK GROUP, INC. ("SILTEK")'s Amended Complaint (DE 25) and states the following:

## MOTION FOR FINAL SUMMARY JUDGMENT

1. This matter concerns the construction of a senior living facility located at 6101 Sunset Drive, Miami, Florida, and commonly known as the Metro South Senior Apartments ("The Project"). (DE 25) The Project's owner, Metro South Senior Apartments, LP ("Metro") retained SILTEK to serve as the general contractor for construction of The Project. (DE 25).

2.   Metro retained TERRACON to provide certain professional services pursuant to a Master Services Agreement ("MSA") with Metro's parent company, Beneficial Communities ("Beneficial").

3.   The material undisputed facts are fully set forth in the Statement of Material Facts attached hereto as **Ex. 1.**

4.   SILTEK's Amended Complaint includes two counts of negligence against TERRACON. Count One is raised by SILTEK as assignee of Metro and Count Two is a raised by SILTEK as a direct claim for negligence. The substantive allegations of both counts are identical. (DE 25).

5.   Specifically, SILTEK alleges that TERRACON owed SILTEK a duty to provide "accurate information and reports." (DE 25). SILTEK further alleges that TERRACON "breached that duty by providing inaccurate and/or misleading information as to the dewatering of the site, or in the alternative, failed to perform additional work necessary to properly advise [Metro and SILTEK] regarding dewatering limitations." (DE 25).

6.   Under Florida law, TERRACON's contractual agreements serve to define and limit the duties owed relative to a cause of action for negligence, including application of the contract terms and any exculpatory language or limiting provisions. Shepard v. City of Palatka, 414 So. 2d 1077, 1078 (Fla. 5th DCA 1981).

7.   TERRACON's MSA with Beneficial precludes Beneficial, and by extension, Metro, from raising any claims without first obtaining an opinion from a qualified expert. (**Paxton Dep. Ex. 108**, ¶11.)

8.   Neither Metro nor SILTEK obtained any such opinion, yet Metro purports to have assigned a claim for negligence to SILTEK. Metro, however, has no claim to assign because Metro's failure to obtain an expert opinion precludes Metro from raising a direct claim against TERRACON.

9.   Further, the MSA also includes an express disclaimer of responsibility for the means and methods of construction as well as any responsibility for work performed by the contractor. (**Paxton Dep. Ex. 108**, ¶11).

10. Accordingly, TERRACON is entitled to summary judgment as to Count One on the grounds that SILTEK cannot bring a cause of action as assignee of Metro because the express terms of the MSA preclude a direct claim by Metro.

11. As set forth in **Ex. 1**, TERRACON did not contract with SILTEK for any services related to the purportedly "inaccurate and/or misleading information." Rather, TERRACON performed its services as a consultant to Metro and any obligations owed by TERRACON were owed to Metro, not SILTEK. (**Paxton Dep**. 31:12-32:13, Exs. 108-109, January 10, 2019, **Sierra, A. Dep**. 170:17-171:25, December 17, 2018).

12. Engineering consultants separately retained by a project owner do not owe a duty of care to the general contractor. Recreational Design & Const., Inc. v. Wiss, Janney, Elstner Associates, Inc., 820 F.Supp.2d 1293, 1299-1301 (S.D. Fla. 2011) (citing McElvy, Jennewein, Stefany, Howard, Inc. v. Arlington Elec., Inc., 582 So.2d 47 (Fla. 2d DCA 1991) (architect retained by the City of Tampa had no duty toward City's electrical contractor for architect's misinterpretation of contract documents) and E.C. Goldman, Inc. v. A/R/C Assoc. Inc., 543 So.2d 1268 (Fla 5th DCA 1989) (independent consultant retained by project owner did not owe a duty to project owner's roofing subcontractor for alleged negligent failure to exercise due diligence and reasonable care in performing duties owed to project owner)).

13. As such, SILTEK's direct cause of action for negligence (Count Two) is precluded as a matter of law. Accordingly, TERRACON is entitled to summary judgment as to Count Two on the grounds that TERRACON does not owe a duty of care to SILTEK.

3

14. Assuming arguendo, that SILTEK is able to demonstrate a genuine issue of fact regarding any duty of care owed by TERRACON to SILTEK or Metro, both Count One and Count Two still fail because SILTEK cannot demonstrate TERRACON breached any professional standard of care.

15. In order to pursue a claim for negligence against an engineer, architect or other similar professional, the plaintiff must demonstrate such professional breached a standard of professional care applicable to the industry. Lochrane Engineering, Inc. v. Willingham Realgrowth Inv. Fund, Ltd., 552 So. 2d 228 (Fla.5th DCA 1989); Moransais v. Heathman, 744 So.2d 973, 975-76 (Fla.1999).

16. Here, SILTEK has failed to offer any expert to establish the applicable professional standard of care. Even if the Court were to analyze the issues under a generic standard of professional care applicable to all disciplines of engineering, SILTEK still cannot demonstrate a breach of the generic standard because there is no testimony or other evidence to show TERRACON fell below such standard of care.[1]

17. Accordingly, TERRACON is entitled to summary judgment on Count I, as assignee, because the relevant contract precludes any direct claim for negligence and because SILTEK's experts cannot demonstrate TERRACON's actions fell below any professional standard of care.

18. TERRACON is entitled to summary judgment on Count II because TERRACON did not owe any duty to SILTEK and because SILTEK's experts cannot demonstrate TERRACON's actions fell below any professional standard of care.

---

[1] TERRACON has filed separate motions requesting the Court strike SILTEK's proposed experts based on various grounds, including the failure to meet the requirements set forth in Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579 (1993). Should the Court strike SILTEK's proposed experts, SILTEK is wholly unable to provide any expert testimony establishing a professional standard of care. Such failure is fatal to SILTEK's causes of action because SILTEK cannot demonstrate the required element of breach. U.S. ex rel. J&A Mechanical, Inc. v. Wimberly Allison Tong & Goo, 2006 WL 3388450 M.D. Fla. November 21, 2006.

## **TABLE OF AUTHORITIES**

1. §558.002(7), Fla. Stat. (2013); Moransais v. Heathman, 744 So.2d 973 (Fla. 1999)

2. Shepard v. City of Palatka, 414 So. 2d 1077, 1078 (Fla. 5th DCA 1981)

3. Recreational Design & Const., Inc. v. Wiss, Janney, Elstner Associates, Inc., 820 F.Supp.2d 1293, 1299-1301 (S.D. Fla. 2011)

4. McElvy, Jennewein, Stefany, Howard, Inc. v. Arlington Elec., Inc., 582 So.2d 47 (Fla. 2d DCA 1991)

5. E.C. Goldman, Inc. v. A/R/C Assoc. Inc., 543 So.2d 1268 (Fla 5th DCA 1989)

6. Lochrane Engineering, Inc. v. Willingham Realgrowth Inv. Fund, Ltd., 552 So. 2d 228 (Fla.5th DCA 1989)

7. Moransais v. Heathman, 744 So.2d 973, 975-76 (Fla.1999).

8. Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579 (1993).

9. U.S. ex rel. J&A Mechanical, Inc. v. Wimberly Allison Tong & Goo, 2006 WL 3388450 M.D. Fla. November 21, 2006

10. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)

11. Rioux v. City of Atlanta, 530 F.3d 1269, 1274 (11th Cir. 2008).

12. Nova Information Systems, Inc. v. Greenwich Ins. Co., 365 F3d 996, 1004 (11th Cir. 2004)

13. Pulte Home Corp., Inc. v. Ply Gem Indus., Inc., 804 F.Supp. 1471, 1481 (M.D. Fla. 1992)

14. McCain v. Fla. Power Corp., 593 So. 2d 500, 503 (Fla. 1992)

15. Dep't of Envtl. Prot. V. Hardy, 907 So. 2d 655, 660 (Fla. 5th DCA 2005).

16. Clay Elec. Co-Op., Inc. v. Johnson, 873 So. 2d 1182, 1185 (Fla. 2003).

17. Felsen v. Florida Power & Light Co., 881 So. 2d 586 (Fla. 3d DCA 2004)

18. O'Brien v. Wal-Mart Stores, Inc., 684 So. 2d 306, 306 (Fla. 2d DCA 1996)

19. Aguila v. Hilton, Inc., 878 So.2d 392 (Fla. 5th DCA (2004)

20. Ramey Const. Co., Inc. v. Apache Tribe of Mescalero Reservation, 673 F. 2d 315, 321 (10th Cir. 1982).

21. Williams v. Davis, 974 So. 2d 1052, 1057 (Fla. 2007)

22. Wallace v. Dean, 3 So.3d 1035, 1046 (Fla. 2009)

23. A.R. Moyer, Inc. v. Graham, 285 So.2d 397 (Fla 1973)

24. United States v. Rogers & Rogers, 161 F.Supp. 132 (S.D. Calif. 1958)).

25. Demelus v. King Motor Co. of Fort Lauderdale, 24 So.3d 759, 761 (Fla. 4th DCA 2009)

## MEMORANDUM OF LAW

### I.  STANDARD FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Such disputes are "genuine" only where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Pursuant to Rule 56 and supporting case law, denying summary judgment is only proper where the factual disputes concern "facts that might affect the outcome of the suit under the governing [substantive] law." Anderson at 248.

Pursuant to Rule 56, it is not enough for a party to assert that a genuine dispute exists. Rather, the parties must support its assertions with record evidence such as "depositions, documents, electronically stored information [ESI], affidavits . . . stipulations . . . admissions, interrogatory answers,  or [similar] materials." Fed. R. Civ. P. 56(c)(1)(A). The Court should consider reasonable inferences drawn from the record evidence and resolve any reasonable doubts in favor of the non-moving party. Rioux v. City of Atlanta, 530 F.3d 1269, 1274 (11th Cir. 2008).

6

However, the Court's role is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249. Here, there is no genuine dispute as to any material fact; therefore, TERRACON is entitled to final summary judgment as a matter of law.

## II. SUMMARY OF RELEVANT UNDISPUTED FACTS

As fully set forth in TERRACON's Statement of Material Facts, it is undisputed that SILTEK's damages stem from Miami-Dade's rejection of Metro's permit application for the installation of deep injection wells. **Abdallah Dep**. 15:3-16:2, **Ex. 22**, December 7, 2018. It is also undisputed that SILTEK, as general contractor, was responsible for selecting the means and methods of construction, including the decision to dewater The Project using deep injection wells. **Sierra, R. Dep**. 103:17-104:1, February 8, 2019, **Pistorino Dep**. 162:15-19, 163:10-12, February 11, 2019. It is also undisputed that TERRACON's report does not include any reference to deep injection wells. **Sierra, A. Dep**. 67:20-70:17, 185:18-187:16, December 17, 2018. It is further undisputed that TERRACON did not recommend or suggest deep injection wells in any way. **Def.'s Req. for Admis., Pl.'s Answers to Req. for Admis**. ¶3.  It is undisputed that deep injection wells and well points serve wholly different functions. **Def.'s Req. for Admis., Pl.'s Answers to Req. for Admis.** ¶5. It is also undisputed that deep injection wells are only one of multiple methods of disposing of groundwater that could be utilized in conjunction with well points. **Sierra, A. Dep**. 27:2-13, December 17, 2018, Def.'s Req. for Admis., Pl.'s Answers to Req. for Admis. ¶6.

## III. SUMMARY OF ARGUMENT

SILTEK's theory of liability suggests that TERRACON is liable for the damages SILTEK incurred as a result of having to construct a specialty foundation in order to "dewater" The Project and that SILTEK did not include the costs of this foundation in its construction bid because it

interpreted information set forth in TERRACON's Revised Geotechnical Report dated November 25, 2013,("Revised Report") as recommending dewatering The Project utilizing deep injection wells.

SILTEK's Amended Complaint raises two causes of action for negligence. Count One is a claim brought as assignee of Metro. The undisputed evidence demonstrates that TERRACON is entitled to summary judgment as to Count One because the purported assignor, Metro, could not assert any direct negligence claims under the express contract conditions. As such, there is no claim to be assigned to SILTEK.

Specifically, the purportedly assigned claim forming the basis for Count One is precluded by the contractual agreements from which that claim is derived. In Florida, where a contract exists, the Court must consider the contract's exculpatory and limiting language when determining the duties owed on claims for negligence. Here, the undisputed contract terms include certain pre-requisites that have not been fulfilled. Furthermore, the relevant contract specifically disclaims any responsibility for the means and methods of construction. Pursuant to the express contract terms, Metro would be precluded from raising its own direct negligence claim. Accordingly, SILTEK's claim as assignee of Metro fails and TERRACON is entitled to summary judgment as to Count One as a matter of law.

Count Two is SILTEK's direct negligence claim against TERRACON. The undisputed evidence demonstrates TERRACON is entitled to summary judgment as to Count Two because TERRACON, as consultant to Metro, does not owe a duty to SILTEK as a matter of law. In Florida, consultants retained by a construction project's owner do not owe a duty of care to the project's general contractor. Here, the undisputed evidence demonstrates that TERRACON was retained by The Project's owner as a geotechnical consultant to provide certain geotechnical reports. The

undisputed evidence also demonstrates that SILTEK was engaged by the owner as the general contractor. Accordingly, SILTEK's direct cause of action for negligence fails and TERRACON is entitled to summary judgment as to Count Two as a matter of law.

Furthermore, the undisputed evidence demonstrates that SILTEK cannot prove the breach element of negligence necessary for a jury to return a verdict in favor of SILTEK as to either Count One or Count Two. Specifically, SILTEK cannot establish the applicable standard of professional care and cannot demonstrate that TERRACON's purportedly negligent acts or omissions fell below any applicable standard of care. As such, SILTEK cannot demonstrate the necessary elements of negligence and its claims fail as a matter of law. Accordingly, TERRACON is entitled to summary judgment as to Counts One and Two.

### IV. SILTEK'S CAUSE OF ACTION FOR NEGLIGENCE AS ASSIGNEE OF METRO (COUNT ONE) FAILS BECAUSE METRO, AS ASSIGNOR, DOES NOT HAVE ANY DIRECT CLAIM TO ASSIGN

It is a generally accepted principle that "an assignee can acquire no greater rights than those possessed by the assignor." Nova Information Systems, Inc. v. Greenwich Ins. Co., 365 F3d 996, 1004 (11th Cir. 2004) (quoting Pulte Home Corp., Inc. v. Ply Gem Indus., Inc., 804 F.Supp. 1471, 1481 (M.D. Fla. 1992)). In the instant case, as detailed below, SILTEK cannot bring any claims as assignee of Metro because Metro could not assert a direct cause of action against TERRACON. In other words, SILTEK, standing in the shoes of Metro, has no cause of action because Metro, in its own right, has no direct cause of action.

As a threshold issue, TERRACON's MSA expressly precludes Metro from asserting any claim based upon professional negligence without first obtaining a written opinion of a qualified engineer.[2] Specifically, Paragraph 11 of the MSA reads:

---

[2] TERRACON entered into the aforementioned MSA with non-party Beneficial Communities. As set forth in TERRACON's Statement of Material Facts (**Ex. 1**), Beneficial is the managing partner of Metro. The MSA

> [c]lient [Metro] shall not be entitled to assert a Claim against
> Consultant [TERRACON] based on any theory of professional
> negligence unless and until Client has obtained the written opinion
> from a registered, independent, and reputable engineer, architect, or
> geologist that Consultant has violated the standard of care applicable
> to Consultant's performance of the Services. Client shall provide
> this opinion to Consultant and the parties shall endeavor to resolve
> the dispute within 30 days, after which the Client may pursue its
> remedies at law.

(**Paxton Dep. Ex. 108** ¶11, January 10, 2019). To date, neither SILTEK nor Metro has obtained

any written opinion asserting TERRACON violated a standard of care. Rather, the only written

report provided by SILTEK contains various restricted or limited statements that fail to outright

assert TERRACON violated a standard of care. Moreover, the report was not provided to

TERRACON before SILTEK filed suit, and therefore did not comply with the prerequisite to

bringing suit as required by the MSA. Accordingly, Metro is precluded by the terms of the MSA

from bringing a direct claim for negligence. As such, there is no claim to be assigned to SILTEK.

Furthermore, Metro could not assert any direct claim for negligence because TERRACON did

not owe a legal duty to Metro. The existence of a legal duty is a pure question of law reserved

solely for the court, not the fact finder. McCain v. Fla. Power Corp., 593 So. 2d 500, 503 (Fla.

1992); Dep't of Envtl. Prot. V. Hardy, 907 So. 2d 655, 660 (Fla. 5th DCA 2005). In Florida, a

negligence action requires: (1) a duty owed to the plaintiff; (2) a breach of that duty; (3) a causal

connection between the breach and the plaintiff's injury; and (4) damages. Clay Elec. Co-Op., Inc.

v. Johnson, 873 So. 2d 1182, 1185 (Fla. 2003). The existence of a duty is the preliminary issue

because where there is no duty, there is no cause of action. Felsen v. Florida Power & Light Co.,

881 So. 2d 586 (Fla. 3d DCA 2004); O'Brien v. Wal-Mart Stores, Inc., 684 So. 2d 306, 306 (Fla.

2d DCA 1996) (there is no negligence where defendant owed no duty to plaintiff).

---

contemplates a contractual arrangement in which individual scopes of work are detailed in "Task Order(s)" executed
by the parties and referencing the MSA.

In Florida, where a contract exists for rendering professional services, the court must consider the contents of the contract in determining whether a duty existed. Shepard v. City of Palatka, 414 So. 2d 1077, 1078 (Fla. 5th DCA 1981). Specifically, the court should consider both the obligations set forth in the contract as well as any exculpatory or limiting provisions. See id at 1078-1079 (architect not liable for missed inspections where contract did not require the inspections and contract expressly stated architect was not responsible for contractor's improper means and methods).

Furthermore, in the construction context, a plaintiff cannot seek damages from every entity which may have touched a project because not every entity necessarily created the risk leading to the injury. Those entities which did not create the risk do not owe a duty simply by virtue of having performed some service at the project. Following from McCain, the court in Aguila v. Hilton, Inc., 878 So.2d 392 (Fla. 5th DCA (2004), explained that, to find a legal duty exists as to a specific defendant, that defendant "must have had the ability to avoid the risk." (Aguila, 878 So. 2d at 396) (McCain's logical implication is that a defendant must be in a position to control the risk.)

If the defendant is not in a position to control the risk at issue, there can be no legal duty and, accordingly, no cause of action for negligence. Ramey Const. Co., Inc. v. Apache Tribe of Mescalero Reservation, 673 F. 2d 315, 321 (10th Cir. 1982). The imposition of a legal duty is improper where the risk leading to the injury arises from responsibilities outside the scope of defendant's contractual duties, and the defendant performs only those services encompassed within its limited duties. See id. As previously stated, the presence of a legal duty is a preliminary question of law to be determined by the court. The lack of a legal duty precludes a cause of action for negligence and the court must enter summary judgment in favor of the defendant who owes no legal duty. See Williams v. Davis, 974 So. 2d 1052, 1057 (Fla. 2007) (duty is "a minimum

threshold legal requirement . . . [which] is ultimately a question of law for the court rather than a jury.")

In <u>Ramey</u>, the plaintiff raised a cause of action for negligence against an engineer, seeking delay damages. 673 F.2d at 321. The appellate court affirmed summary judgment in favor of the engineer on the negligence claim because the trial court had determined the engineer "had no power to ensure *performance* of the various contractors" and therefore owed no legal duty to plaintiff. <u>Id</u>. (emphasis added). In other words, the engineer owed no duty because the engineer could not control the performance of the contractors and it was the contractor's actions which causes the risk of injury. In <u>Shepard</u>, the plaintiff raised a cause of action for negligence against an architect. 414 So. 2d at 1078. The architect's contract contemplated a limited scope of work concerning site inspections. <u>Id</u>. The contract also expressly stated the architect shall not be liable for defects in the means and methods employed by the contractor. <u>Id</u>.

Here, TERRACON's MSA contemplates a limited scope of work concerning certain geotechnical testing and reports. Paragraph 13 of the MSA also expressly disclaims TERRACON's responsibility for the contactor's work:

> [c]onsultant [TERRACON] shall not be responsible for the quality and completeness of the contractor [SILTEK]'s work or their adherence to the project documents, and Consultant's performance of testing and observation services shall not relieve contractor in any way from its responsibility for defects discovered in its work or create a warranty or guarantee. Consultant will not supervise or direct the work performed by contractor or its subcontractors and is not responsible for their means and methods.

**Paxton Dep**. **Ex. 108**, ¶13, January 10, 2019. This express limitation is a complete disclaimer of responsibility for the means and methods of construction selected by SILTEK, including the choice to attempt to dewater the project site with a well point system and deep injection wells.

Duty is a question of law, and the existence of a legal duty is an essential element of negligence. As evidenced by the above disclaimers and contractual limitations, TERRACON did not owe a duty to Metro to "supervise or direct" SILTEK's work. Further, TERRACON expressly disclaimed responsibility for SILTEK's means and methods. This express disclaimer is especially relevant as SILTEK never discussed or consulted with TERRACON regarding its chosen means and methods of dewatering. **Def.'s Req. for Admis., Pl.'s Answers to Req. for Admis**. ¶3. In fact, SILTEK originally proposed the use of deep injection wells to Beneficial one month prior to TERRACON's Revised Geotechnical Report. **Sierra, R. Dep**. **Ex. 168**, February 8, 2019.

As such, TERRACON not only disclaimed any responsibility for directing SILTEK's dewatering efforts, TERRACON was also deprived of any opportunity to influence SILTEK's decision to attempt to dewater the site through the use of injection wells. Therefore, TERRACON was not in a position to control the risk at issue. <u>Ramey</u> at 321.  As such, SILTEK cannot assert a claim as assignee of Metro because TERRACON does not owe a legal duty to Metro. Accordingly, TERRACON is entitled to an entry of summary judgment in its favor as to SILTEK's cause of action as an assignee of Metro because the relevant contractual prerequisites, exculpatory language and contractual limitations preclude a direct claim for negligence by Metro.

## <u>V. SILTEK'S DIRECT CLAIM FOR NEGLIGENCE (COUNT TWO) FAILS BECAUSE TERRACON DID NOT OWE A DUTY OF CARE TO SILTEK AS A MATTER OF LAW</u>

It is well established that  duty of care is a question of law. <u>Wallace v. Dean</u>, 3 So.3d 1035, 1046 (Fla. 2009) (existence of a duty of care is "a question of law that the court must answer before permitting a negligence claim to proceed before the trier of fact"); <u>Williams</u>, 974 So.2d at 1057 n.2 ("[e]stablishing the existence of a duty under negligence law is a minimum threshold legal requirement that opens the courthouse doors").  SILTEK cannot assert a direct claim for negligence because, as the owner's consultant, TERRACON does not owe a duty of care to the general

contractor. <u>Recreational Design & Const., Inc. v. Wiss, Janney, Elstner Associates, Inc.</u>, 820 F.Supp.2d 1293, 1299-1301 (S.D. Fla. 2011) (citing <u>McElvy, Jennewein, Stefany, Howard, Inc. v. Arlington Elec., Inc.</u>, 582 So.2d 47 (Fla. 2d DCA 1991) (architect retained by the City of Tampa had no duty toward City's electrical contractor for architect's misinterpretation of contract documents) and <u>E.C. Goldman, Inc. v. A/R/C Assoc. Inc.</u>, 543 So.2d 1268 (Fla 5th DCA 1989) (independent consultant retained by project owner did not owe a duty to project owner's roofing subcontractor for alleged negligent failure to exercise due diligence and reasonable care in performing duties owed to project owner)).

In <u>Recreational Design</u>, plaintiff, the general contractor for the construction of a pool complex, alleged it suffered damages when the City of North Miami Beach required plaintiff to rebuild a water slide based on the recommendation of an engineering firm retained by the City. Plaintiff produced its own expert engineering reports contradicting the City's engineer and alleged professional negligence against the City's engineer. The court dismissed Plaintiff's action finding that the City's engineer could not owe any duty to the Plaintiff. Specifically, the Court held that, "independent parties separately hired to perform different tasks on a construction project . . . do not owe a duty of care to one another under Florida tort law if they do not share a 'close nexus.'" <u>Id</u> at 1299.

The <u>Recreation Design</u> Court went on to provide two examples of cases defining "close nexus." In <u>Goldman</u>, the court distinguished the general principle from <u>A.R. Moyer, Inc. v. Graham</u>, 285 So.2d 397 (Fla 1973), which allows a general contractor to raise negligence claims against an architect or engineer even without privity of contract. Specifically, <u>Goldman</u> found that there was no "direct nexus" between the defendant and the cause of the injury. Rather the Court in <u>Goldman</u>, defined close nexus as exercising "such a great degree of control" that the defendant has

14

the "power of economic life or death" over plaintiff. E.C. Goldman at 1271 (quoting United States v. Rogers & Rogers, 161 F.Supp. 132 (S.D. Calif. 1958)).

As with Goldman and McElvey, the factual circumstances in the instant case are distinguishable from Moyer. TERRACON did not have any duty to provide any designs or specifications that would be followed by SILTEK. TERRACON did not have any duty (or ability) to control or direct the means and methods of dewatering. TERRACON did not have any duty to supervise, administer, inspect or otherwise monitor SILTEK's performance. In other words, TERRACON had no degree of control whatsoever over SILTEK and certainly exerted no economic power over SILTEK.

In reality, there is no relationship between SILTEK and TERRACON. Rather, it is undisputed that SILTEK did not consult, or even contact, TERRACON until after Miami-Dade County had rejected the well permits necessary to implement SILTEK's dewatering plan. There is simply no evidence to support a finding of a "close nexus," or a relationship of any kind between SILTEK and TERRACON. Rather, TERRACON was a consultant retained by Metro to perform a narrow scope of work that did not encompass any ability to control or even influence the performance of SILTEK's own contractual duties related to the means and methods of dewatering.

Intertwined with the nexus analysis is the issue of foreseeability. Specifically, whether the defendant's conduct foreseeably created a zone of risk. McCain v. Fla. Power Corp., 593 So.2d 500, 503 (Fla. 1992). Imposition of a duty is limited to circumstances in which the conduct actually "*create*[s] or *control*[s] the risk." Demelus v. King Motor Co. of Fort Lauderdale, 24 So.3d 759, 761 (Fla. 4th DCA 2009) (emphasis in original).

Here, the proper analysis must first look to whether TERRACON should have reasonably foreseen that its Revised Geotechnical Report would have created a risk of harm to SILTEK "with

respect to dewatering the project site." (DE 25, ¶¶20, 27). To determine foreseeability, it is important to consider the allegedly inaccurate information relied upon by SILTEK. SILTEK's corporate representative, Ana Sierra, testified that SILTEK devised its means and methods, to wit, the use of deep injection wells for disposal of groundwater, based on its independent interpretation of section 7.5 of TERRACON's Revised Geotechnical Report. **Sierra, A**. Dep. 67:20-70:17, 185:18-187:16, December 17, 2018.

In other words, the foreseeability inquiry asks whether TERRACON should have foreseen that a single paragraph from its report created a risk that SILTEK would select and develop a dewatering plan that could not be implemented at The Project. TERRACON's expert, Matt Meyer testified that similar engineers would not expect that its report would be used to determine the means and methods of dewatering. **Meyer Dep**. 167:12-169:22, February 12, 2019. Rather, it is commonly understood in the construction industry and South Florida specifically, that specialty dewatering consultants and contractors are retained by general contractors to design and permit dewatering plans. Id.

Mr. Meyer also testified that the means and methods of dewatering are the responsibility of the general contractor. Further, both SILTEK's own expert, John Pistorino, and SILTEK's vice president, Rene Sierra, both agree that the general contractor is responsible for the means and methods of construction, including the means and methods of dewatering The Project. **Sierra, R. Dep**. 103:17-104:1, February 8, 2019, **Pistorino Dep**. 51:6-10, 162:15-19, 163:10-12, February 11, 2019. In fact, TERRACON owed no duty of any kind to design, develop, plan, or specify the means and methods of dewatering. Accordingly, it was not reasonably foreseeable to TERRACON that SILTEK would rely on section 7.5 to develop the means and methods of dewatering that were ultimately rejected by Miami-Dade.

As such, TERRACON did not owe a duty of care to SILTEK because the requisite "close nexus" and foreseeability are not present in the instant case. Accordingly, TERRACON is entitled to summary judgment on Count Two of the Amended Complaint.

## VI. COUNTS ONE AND TWO FAIL AS A MATTER OF LAW BECAUSE SILTEK CANNOT DEMONSTRATE TERRACON'S ACTIONS FELL BELOW THE APPLICABLE STANDARD OF PROFESSIONAL CARE

In Florida, engineers, such as those who authored TERRACON's Revised Geotechnical Report, are considered design professionals. §558.002(7), Fla. Stat. (2013); Moransais v. Heathman, 744 So.2d 973 (Fla. 1999). As such, the applicable standard of care is the standard recognized in the same locality by similar professionals. Lochrane Engineering, Inc. v. Willingham Realgrowth Inv. Fund, Ltd., 552 So. 2d 228 (Fla.5th DCA 1989); Moransais v. Heathman, 744 So.2d 973, 975-76 (Fla.1999). It is generally accepted that expert testimony is necessary to establish a breach of the professional standard of care. O'Grady v. Wickman, 213 So.2d 321, 323 (Fla. 4th DCA 1968); Moransais v. Heathman, 744 So.2d 973, 975-76 (Fla.1999).

As a threshold issue, TERRACON has filed three motions requesting that SILTEK's proposed experts be stricken on various substantive and procedural grounds. TERRACON reasserts that each of SILTEK's experts should be stricken and SILTEK should be precluded from offering any expert testimony or information. As explained below, Mr. Pistorino is the only expert offered to opine on a standard of care. Similarly, Mr. Milinksi is the only proposed expert purported to have offered direct, unrestricted testimony regarding the propriety of the alleged errors in TERRACON's Revised Geotechnical Report. Absent either of these experts' testimony and information, SILTEK cannot, as a matter of law, demonstrate the required element of breach. Once stricken, there will be no expert available to offer an opinion as to the purported breach of a

professional standard of care. As such, TERRACON is entitled to summary final judgment because

no reasonable jury could find TERRACON breached a professional standard of care.

(A) <u>SILTEK cannot establish breach of a standard of care because its experts have not
provided the professional standard of care to be applied to these circumstances.</u>

Here, SILTEK's proposed standard of care expert, John Pistorino, cannot opine as to the

professional standard of care by similar professionals because he lacks the education, training, and

experience of a similarly situated professional. Geotechnical sciences are a specialized sub-set of

engineering. **Meyer Depo**. 8:6-9:12, February 12, 2019, **Pistorino Dep**. 36:14-37:4, 45:5-10,

February 11, 2019. Per his own testimony, Mr. Pistorino's education did not include significant

coursework in geotechnical science. **Pistorino Dep**. 37:5-38:5, February 11, 2019. Further, Mr.

Pistorino has never provided services or prepared geotechnical reports. **Pistorino Dep**. 44:10-24,

February 11, 2019. As such, Mr. Pistorino is not qualified to opine as to the professional standard

of care for an engineer specializing in geotechnical sciences. In fact, his own report acknowledges

this shortcoming. Specifically, Mr. Pistorino's report merely states that *some* practicing engineers

*engaged in the design and construction* of building foundations . . . are aware that deep [injection]

wells are generally not allowed [in certain areas]." **Pistorino Dep**. **Ex. 171**, February 11, 2019.

Mr. Pistorino's use of the qualifiers "some" is implicit acknowledgement that "some" engineers

would lacks the requisite knowledge. Further, TERRACON was not engaged to design or construct

anything on The Project and is not in the business of designing and constructing underground

basements. As such, Mr. Pistorino's opinion is irrelevant and fails to qualify as an opinion

regarding the professional standard of care specific to geotechnical engineers.

Mr. Pistorino's opinions are akin to allowing a cardio-vascular surgeon to opine on the

standard of care specific to a neurosurgeon. While both surgeons are qualified to opine as to a

general standard of care applicable to surgeons, the cardiovascular surgeon would not be qualified

to offer an opinion as to the standard of care expected of a neurosurgeon performing brain surgery because education, experience, and training of a neurosurgeon differs significantly from that of a cardiovascular surgeon. Here, Mr. Pistorino's testimony covers many aspects of the engineering profession. However, per his testimony, he lacks any specific education, training or experience concerning geotechnical testing, observations or reports.

Moreover, Mr. Pistorino's report and testimony fail to actually offer any applicable standard of professional care. Nowhere in his report or testimony does Mr. Pistorino provide an applicable professional standard of care for geotechnical services. Rather, both his report and testimony merely offer vague statements regarding generalized standards broadly applicable to engineers and architects. In other words, regardless of Mr. Pistorino's qualifications, he has not provided any professional standard of care to apply to the circumstances in this matter. As such, SILTEK cannot, as a matter of law, prove that TERRACON breached any standard of care.

(B) <u>SILTEK cannot establish a breach of the standard of care because its experts have not testified that TERRACON's actions fell below any standard of care</u>.

Assuming arguendo, that Mr. Pistorino's generalized statements are accepted as establishing an applicable professional standard of care, SILTEK still cannot demonstrate TERRACON breached any standard because none of its experts offer an opinion that TERRACON actions fell below any certain standard. SILTEK disclosed three proposed experts: Mr. Frederick Carrie and Mr. Matt Milinski were disclosed as non-retained experts, and Mr. John Pistorino as SILTEK's retained expert.

Mr. Carrie offered no opinion concerning dewatering or the information presented by TERRACON concerning dewatering. Mr. Carrie also testified that he had no opinion regarding the propriety of section 7.5 in TERRACON's report. As such, Mr. Carrie cannot opine on whether TERRACON's purported errors relative to dewatering The Project fell below a standard of care.

Mr. Pistorino, conceded he could not offer a definite, unreserved opinion that TERRACON actually breached a standard of care. Rather, Mr. Pistorino merely opined that "if … TERRACON were aware of . . .dewatering restrictions at this site, and if they were aware that the construction would require significant volumes of dewatering to be disposed of, they should have alerted the owner." **Pistorino Dep**. **Ex. 171**, February 11, 2019. Mr. Pistorino also conceded that he did not have any evidence that TERRACON had the requisite information or knowledge. **Pistorino Dep**. 186:20-192:14, February 11, 2019. As such, SILTEK cannot rely on Mr. Pistorino to demonstrate the applicable standard of professional care or that TERRACON's  purported errors fell below a standard of care.

Mr. Milinski is the lone expert to offer any express, unrestricted opinion as to TERRACON's purported errors relative to dewatering The Project.[3] However, Mr. Milinski's opinion was offered in his capacity as an engineer who specializes in the engineering design and permitting of dewatering in South Florida. As such, his knowledge, training, and experience related to dewatering provides him with certain specialized experience that is not common to all engineers. As such, Mr. Milinski's own experience and knowledge, specifically his knowledge of dewatering means and methods, cannot be imputed to engineers such as those employed by TERRACON.

Further, Mr. Milinski's presumed opinion is narrow. Mr. Milinski does not offer any opinion that TERRACON's report or the suggested use of well points actually fell below any standard of care.[4] Further, Mr. Milinski does not offer any testimony to explain how TERRACON's Revised Report impacted or influenced SILTEK's own decision to utilize deep injection wells. In fact, Mr.

---

[3] It should be noted that Mr. Milinski's status as a non-retained expert and his capacity to testify to the relevant issues has been challenged in TERRACON's multiple pending Motions to Strike, including the Motion filed concurrently on March 1, 2019.

[4] It should be noted that SILTEK separately retained an geotechnical engineer from NV5 to prepare a geotechnical report that stated, "dewatering . . . will require the installation of well points." **Sierra, A. Dep**. **Ex. 72**, December 17, 2018.

Milinski, implicitly supported SILTEK's use of deep injection wells by signing and sealing a dewatering plan utilizing those wells. **Milinski Dep.** 17:7-16, **Ex. 75**, December 21, 2018. This is a crucial distinction because it is the impropriety of using deep injection wells, not the purported impropriety of well points that caused Miami-Dade to reject the permit application. It was that permit denial that, in fact, led to SILTEK's alleged damages. As such, SILTEK cannot rely on Mr. Milinski to demonstrate the applicable standard of professional care or that TERRACON's purported errors fell below a standard of care.

Accordingly, SILTEK has failed to present any expert evidence or expert testimony to establish the applicable professional standard of care. Further, SILTEK has failed to present any expert evidence or expert testimony to establish that TERRACON's actions fell below any applicable professional standard of care. As such, SILTEK's claims fail because SILTEK cannot satisfy the element of breach.

## VII. CONCLUSION

TERRACON is entitled to final summary judgment as to SILTEK's claims for negligence (Counts One and Two). As to Count One, the terms, limitations, and exculpatory language set forth in the relevant MSA preclude SILTEK's cause of action as assignee of Metro because Metro has no direct cause of action to assign. Additionally, SILTEK cannot demonstrate TERRACON owed any legal duty concerning the alleged errors and omissions. TERRACON could not and did not control the means and methods of dewatering. The allegations against TERRACON concern work performed by SILTEK over which TERRACON had no authority to control. As such, TERRACON owed no legal duty to SILTEK.

TERRACON is also entitled to final summary judgment as to SILTEK's claims because SILTEK has not, and cannot, establish TERRACON failed to meet the applicable standard of

professional care. As detailed above, SILTEK has not adduced any evidence to establish the requisite standard of care for an engineer providing geotechnical services. Moreover, SILTEK has also failed to adduce any evidence that TERRACON failed to meet any professional standard of care. Instead, SILTEK's expert merely opines that "if" TERRACON had certain knowledge then it should have taken certain action. However, there is no genuine dispute that TERRACON had the requisite knowledge.

WHEREFORE, Defendant TERRACON CONSULTANTS, INC. requests the Court grant its Motion for Final Summary Judgment as to Count One and Count Two of SILTEK GROUP, INC.'s Amended Complaint and award any other relief the Court deems necessary.

## REQUEST FOR HEARING

Pursuant to Local Rule 7.1, TERRACON CONSULTANTS, INC. requests a hearing on the instant motion. As a dispositive motion, resolution of the arguments herein necessarily impact the ultimate outcome of the matter. The matters raised herein involve applying detailed and complex facts to atypical questions of law. TERRACON desires a hearing to fully apprise the Court, through oral argument, regarding the matters at issue and respond to the Court's questions or concerns. Granting a hearing on this motion will assist the Court's decision-making process. Specifically, the oral argument process will allow the Court to explore the particular issues to whatever depth it prefers and satisfy itself that the record supports a finding of summary judgment in favor of TERRACON.

TERRACON estimates one hour (total time) will be necessary for oral arguments.

Respectfully Submitted,

MILBER MAKRIS PLOUSADIS & SEIDEN, LLP
*Attorneys for Defendant, Terracon Consultants, Inc.*
1900 NW Corporate Blvd., Suite 440 East
Boca Raton, Florida 33431

Telephone:    561-994-7310
Facsimile:    561-994-7313
Email: bcalderon@milbermakris.com
Email: dhill@milbermakris.com
Email: arodriguez@milbermakris.com

By: /s/ _____ 113687 _____

    Bruce R. Calderon
    Florida Bar No. 50448
    D. Bryan Hill, Jr.
    Florida Bar No. 113687
    Anthony R. Rodriguez
    Florida Bar No.  118884

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by way of the CM/ECF system for the United States District Court for the Southern District of Florida on this 1st day of March, 2019, on all counsel or parties of record on the Service List below.

/s/ _____ 113687 _____
D. Bryan Hill, Jr.

## SERVICE LIST

Oscar E. Soto, Esq.
oscar@sotolawgroup.com
andrew@sotolawgroup.com
rebecca@sotolawgroup.com
**The Soto Law Group, P.A.**
Coastal Tower, Suite 400
2400 E. Commercial Blvd.
Ft. Lauderdale, FL  33308
Tel. (954) 567-1776
Fax (954) 567-1778
*Attorney for Plaintiff, Siltek Group, Inc*