UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 18-20582-WILLIAMS

SILTEK GROUP, INC.,

    Plaintiff,

vs.

TERRACON CONSULTANTS, INC.,

    Defendant.
_____/

## ORDER

**THIS MATTER** is before the Court on a motion to dismiss filed by Defendant, TERRACON CONSULTANTS, INC ("Terracon") (DE 26) to which Plaintiffs, SILTEK GROUP, INC., ("Siltek") filed a response (DE 32). Terracon did not file a reply in response to Siltek's opposition to the motion to dismiss. For the reasons set forth below, the motion (DE 26) is **DENIED**.

**I.    BACKGROUND**

This action arises out of a project to improve a five-story assisted living facility for seniors located at 6106 Sunset Drive, South Miami, FL 33143 (the "Project"). (DE 25 ¶¶ 5-7). Siltek was hired by Metro South Senior Apartments Limited Partnership ("Metro") to be the general contractor for the Project. (DE 25 ¶ 6). Terracon was hired by Metro to provide geotechnical services to the project. (DE 25 ¶ 7). Terracon issued a report concluding that the Project could be "dewatered" by utilizing well points. (DE 25 ¶ 8). However, due to a lack of salinity in the ground water, the Department of Environmental Resources Management ("DERM"), refused to issue a permit for dewatering wells. (DE 25 ¶ 10).

1

As a result, Siltek and Metro were unable to dewater the Project and were forced to utilize a "tremie plug foundation system" to control the water infiltrating at the site during construction. (DE 25 ¶ 12). Consequently, Siltek and Metro incurred additional construction costs, design costs and suffered delay and lost profit damages, among others. (DE 25 ¶ 14). On these facts, Siltek advances two causes of action: (1) negligence on behalf of Metro[1], and (2) negligence asserted by Siltek.

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court's consideration is limited to the allegations in the complaint. *See GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993). All factual allegations are accepted as true and all reasonable inferences are drawn in the plaintiff's favor. *See Speaker v. U.S. Dep't. of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010); *see also Roberts v. Fla. Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998). Although a plaintiff need not provide "detailed factual allegations," a plaintiff's complaint must provide "more than labels and conclusions." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* Rule 12(b)(6) does not allow dismissal of a complaint because the court anticipates "actual proof of those facts is improbable," but the "[f]actual

---

[1] On January 29, 2015, Metro assigned to Siltek all right, title, and interest in and to all causes of action that have accrued against Terracon arising from services rendered by Terracon in connection with the Project. (DE 25 ¶ 15).

2

allegations must be enough to raise a right to relief above the speculative level." *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289 (11th Cir. 2007) (quoting *Twombly*, 550 U.S at 545).

Accordingly, a court need not accept legal conclusion pleaded in the complaint as true. See *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* When a plaintiff pleads facts that are merely consistent with a defendant's liability, the complaint falls short of the line between possibility and plausibility of entitlement to relief. *Id.* at 678.

## III. DISCUSSION

Terracon argues that Siltek has failed to state a claim because Siltek improperly pled the elements of a negligence action. Terracon also argues that Siltek's claims are barred by the economic loss rule.[2]

### A. Siltek Has Stated a Negligence Claim

The Court finds that Siltek has stated a claim for negligence. "To state a claim for negligence under Florida law, a plaintiff must allege that the defendant owed the plaintiff a duty of care, that the defendant breached that duty, and that the breach caused the plaintiff to suffer damages." *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1262 (11th Cir. 2001). "Professional malpractice is similar to an ordinary negligence claim except that the negligent party must be engaged in a 'profession' as defined under Florida law,

---

[2] Terracon also argues that the allegations in the complaint exonerate Terracon, because Siltek's damages were caused by DERM's refusal to issue a permit for dewatering wells and not by Terracon's allegedly flawed report. However, the complaint alleges that DERM's refusal to issue the permit was based on the salinity levels of the water. The complaint also alleges that Terracon failed to advise Siltek and Metro of this dewatering limitation for the Project. The allegations in the complaint, read in the light most favorable to Plaintiff, support a reasonable inference that Siltek's damages were caused by Terracon.

3

and the applicable standard of care is that degree of care used by similar professionals in the community under similar circumstances." *Carrington Capital Mgmt., LLC v. Carr*, No. 2:15-CV-14191H, 2015 WL 6865750, at *1 (S.D. Fla. Nov. 9, 2015).

Terracon claims that Siltek fails to state a claim for several reasons. First, Terracon argues that Siltek failed to properly plead a duty of care because it failed to allege a "particular standard of care used by similar professionals in the community." Instead, Terracon argues that Siltek alleged that Terracon had a duty to deliver a particular product, which does not support Siltek's claims. Second, Terracon argues that Siltek failed to allege facts to support the conclusion that Terracon breached its duty of care and cause damaged to Siltek. Finally, Terracon argues that Siltek failed to plead its damages with the specificity required by Federal Rule of Civil Procedure 9(g).

The Court disagrees with Terracon. Here, Siltek has alleged that: (1) Terracon prepared a report concluding that the Project could be "dewatered" by utilizing well points; (2) Terracon knew that Metro and Siltek would rely on this report; (3) Siltek and Metro justifiably relied on Terracon's report; (4) Terracon's report was flawed in that it failed to advise Siltek and Metro of dewatering limitations for the Project; (5) Terracon's errors fall below the standard of care in South Florida; and (6) Siltek suffered damages as a result. This is sufficient to state a claim.

Although Terracon claims that Siltek failed to allege a standard of care, this is not so. Siltek alleged that the report was flawed and that its flaws fell below the standard of care, which under Florida law is the "degree of care used by similar professionals in the community under similar circumstances." *Carrington Capital Mgmt., LLC*, 2015 WL 6865750, at *1. Further, Siltek's allegations that Terracon's report concluding that the

4

Project could be dewatered when it actually could not be dewatered, caused them to incur in additional costs is sufficient to put Terracon on notice of Siltek's claims. Of course, whether Terracon's report was flawed or not is a factual issue that cannot be decided on a motion to dismiss.

Finally, Siltek has sufficiently pled special damages. "Rule 9(g) of Federal Rules of Civil Procedure states that whenever items of special damage are claimed, they shall be specifically stated. However, Rule 9(g) requires no more than a specific statement that allows Defendants to prepare a responsive pleading and begin their defense." *Italiano v. Jones Chemicals, Inc.*, 908 F. Supp. 904, 907 (M.D. Fla. 1995). Counts I and II of the amended complaint incorporate the general allegations of paragraphs 1 through 15, which specify the following damages: additional construction costs, additional design costs, delay damages, cost escalation, acceleration costs, loss of the contingency fund, lost profits, additional interests on loans, and liquidated damages. These allegations satisfy the special pleading requirement stated in Rule 9(g). *See Id.*

Accordingly, Siltek has stated a claim for negligence.

### B. Siltek's Claims Are Not Barred by the Economic Loss Doctrine

Terracon states that Siltek's claims are barred by the economic loss rule which has been defined as follows:

> The economic loss rule is a judicially created doctrine that sets forth the circumstances under which a tort action is prohibited if the only damages suffered are economic losses.
>
> The prohibition against tort actions to recover solely economic damages for those in contractual privity is designed to prevent parties to a contract from circumventing the allocation of losses set forth in the contract by bringing an action for economic losses in tort. [citation omitted]. Underlying this rule is that assumption that the parties to a contract have allocated the economic risk of nonperformance through the bargaining process. A party to a

> contract who attempts to circumvent the contractual agreement by making a claim for economic loss in tort is, in effect, seeking to obtain a better bargain than originally made.

*Indem. Ins. Co. of N. Am. v. Am. Aviation, Inc.*, 891 So.2d 532, 536 (Fla. 2004).

Terracon argues that because no bodily injury or property damage has been alleged, Siltek's claims are barred. However, Terracon's argument fails because the Florida Supreme Court has held that the economic loss doctrine only in applies in the products liability context. *See Tiara Condo. Ass'n, Inc. v. Marsh & McLennan Companies, Inc.*, 110 So. 3d 399, 407 (Fla. 2013). Indeed, the Florida Supreme Court first held that the economic loss doctrine does not apply to disputes involving professional services and specifically engineers. *See Moransais v. Heathman*, 744 So.2d 973 (Fla. 1999). There, the Court held that the economic loss rule did not bar a homebuyer's claims against an engineering company because the rule was "primarily intended to limit actions in the product liability context and its application should generally be limited to those contexts or situations where policy considerations are substantially identical to those underlying the product liability-type analysis." *Id.* at 979, 983. (citation omitted).

The decision in *Moransais*, however, was an exception to a rule that had foreclosed tort claims in all "circumstances when the parties are in contractual privity and one party seeks to recover in tort for matters arising from the contract." *Tiara Condo. Ass'n, Inc.* 110 So. 3d at 402. Correcting an "unprincipled expansion" of the rule, the Florida Supreme Court, in *Tiara,* receded from its holdings in prior cases and took the "final step [to] hold that the economic loss rule applies only in the products liability context." *Id.* at 407. Consequently, Siltek's claims are not barred by the economic loss doctrine.

## IV. CONCLUSION

For the reasons set forth above, it is **ORDERED AND ADJUDGED** that Terracon's motion to dismiss (DE 26) is **DENIED.**

**DONE AND ORDERED** in chambers in Miami, Florida, this 20 day of March 2019.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE