## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO.: 1:18-cv-20582-KMW

SILTEK GROUP, INC., a Florida corporation, )
and SILTEK GROUP, INC., on behalf of and )
as assignee of METRO SOUTH SENIOR )
APARTMENTS LIMITED PARTNERSHIP, )
                                     )
        Plaintiff, )
                                       )
v. )
                                       )
TERRACON CONSULTANTS, INC., a )
foreign corporation, )
                                       )
        Defendant. )
_____)

### PLAINTIFF SILTEK GROUP, INC.'S MOTION FOR PROTECTIVE ORDER

COMES NOW, Plaintiff, SILTEK GROUP, INC. ("Siltek"), files this Motion for Protective Order seeking to prohibit Defendant, Terracon Consultants, Inc. ("Terracon") from the taking of, and use of deposition testimony obtained after the discovery cutoff in this case, and further states:

1.      This Court established February 15, 2019 as the deadline for completion of all discovery in this matter. *See* Doc. 48 Paperless Order. This date is an extension of the original deadline for completion of fact discovery of October 31, 2018. *See* Doc. 15.

2.      Defendant Terracon Consultants, Inc., ("Terracon") issued on April 1, 2019 a subpoena for deposition duces tecum to non-party NV5 for deposition on April 10, 2019.

3.      The issuance of the subpoena and scheduling of the deposition is well beyond the cutoff for discovery in this matter.

4.      Terracon has not sought leave of court to conduct this deposition.

5.      Terracon has previously deposed in excess of ten (10) witnesses: Ana Sierra, Rene Sierra, John Pistorino, Matthew Milinski, Andres Baqyerixo, Andres Enciso, Donald Paxton, Dusan Peric, Najib Halwani, Mahmoud Abdallah, Steve Silveira, and Frederic Carrie.

6.      While Terracon initially noticed the deposition of the NV5 corporate representative prior to the discovery cutoff, that deposition was cancelled by Terracon.  Only long after the deadline for completion of discovery did Terracon set the current deposition.

7.      While Southern District of Florida Local Rule 26.1(d) states, in pertinent part, that "party and non-party depositions must be scheduled to occur…on or before the discovery cut off date," and that "failure by the party seeking discovery to comply with this paragraph obviates the need to respond or object to the discovery, appear at the deposition, or move for a protective order," Siltek seeks an order from this Court precluding Terracon's taking and use of the deposition in question.

## MEMORANDUM OF LAW

8.      Federal Rule of Civil Procedure 16 requires the Court to enter a scheduling order that "must limit the time to…complete discovery."  Fed. R. Civ. P. 16(3)(A).

9.      While Federal Rule of Civil Procedure 30 permits a party to take depositions without leave of court except under limited circumstances, including the taking of more than ten (10) depositions by a defendant, it does not permit the noticing and taking of depositions beyond the discovery cutoff.

10.     While an attempt to take a deposition beyond the discovery cutoff is not specifically addressed in Rule 30, this issue has been previously addressed by the Southern District, where the court determined that a party, "who is engaged in standard civil litigation, represented by counsel, in a routine civil case like those pending in every court in the country, has no right to take a trial deposition of any witness contrary to the schedule set forth in the Court's Rule 16 scheduling orders."  Smith v. Royal Caribbean Cruises, Ltd., 302 F.R.D. 688 (S.D. Fla. 2014).

11.     The Smith court further stated that as "[t]he discovery cutoff has come and gone, and thus the time for taking depositions for discovery, impeachment or trial purposes has also long since passed." Smith at 693.

12.     In addition to being well beyond the deadline to complete discovery, Terracon is now seeking to take depositions in excess of ten (10) and has not sought leave of court to do so.

13.     "A party seeking to take more than ten depositions in a case must justify the necessity of

each deposition previously taken without leave of court.  Moreover, the moving party must make a particularized showing why extra depositions are necessary." Mazur v. Lampert, 2001 WL 676096 (S.D. Fla. Feb. 28, 2007) *internal citations and emphasis omitted*.

14.    Terracon has neither sought leave of court to take this deposition, after the deadline to complete discovery, nor sought leave of court to take in excess of ten (10) depositions.  As such, Terracon has not, justified the necessity of this or of each previously taken deposition, nor can Terracon make a particularized showing why the additional deposition is necessary.

WHEREFORE, Plaintiff, SILTEK GROUP, INC., prays this honorable Court enter an order prohibiting Defendant, Terracon Consultants, Inc., from the taking or use of the deposition of non-party NV5's corporate representative, and any other relief this Court deems just and proper.

I HEREBY CERTIFY that the movant has conferred with counsel for Terracon in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

THE SOTO LAW GROUP
*Attorneys for Plaintiff*
Coastal Tower, Suite 400
2400 East Commercial Blvd.
Fort Lauderdale, FL  33308
Telephone: 954-567-1776
Facsimile: 954-567-1778
Primary:        oscar@sotolawgroup.com
                andrew@sotolawgroup.com
Secondary:      rebecca@sotolawgroup.com

By: s/ *Andrew V. Cobbe*
    Andrew V. Cobbe, Esq.
    Florida Bar No. 110028
    Oscar E. Soto, Esq.
    Florida Bar No.: 766038

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on April 9, 2019, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF and is thereby being served this day on all counsel of record identified below, in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing/electronically filed documents:

Bruce R. Calderon
D. Bryan Hill, Jr.
Anthony R. Rodriguez
MILBER MAKRIS PLOUSADIS & SEIDEN, LLP
*Attorneys for Defendant*
1900 NW Corporate Blvd., Suite 440 East
Boca Raton, Florida 33431
E-mail(s):     bcalderon@milbermakris.com
               dhill@milbermakris.com
               arodriguez@milbermakris.com
               snapolitano@milbermakris.com
*Service via electronic notice to be generated by CM/ECF*

THE SOTO LAW GROUP
*Attorneys for Plaintiff*
Coastal Tower, Suite 400
2400 East Commercial Blvd.
Fort Lauderdale, FL  33308
Telephone: 954-567-1776
Facsimile: 954-567-1778
Primary:       oscar@sotolawgroup.com
               andrew@sotolawgroup.com
Secondary:     rebecca@sotolawgroup.com

By: s/ *Andrew V. Cobbe*
      Andrew V. Cobbe, Esq.
      Florida Bar No. 110028
      Oscar E. Soto, Esq.
      Florida Bar No.: 766038